### 6772.   PARRIS v. THE STATE.

WADE, J.   1. There is not sufficient merit in the sole special ground set out in the amendment to the motion for a new trial to require a reversal.

2. The jury passed upon the circumstances in proof and found them sufficient to exclude from their minds every other reasonable hypothesis than that of the guilt of the accused. While the evidence appears somewhat weak and unsatisfactory, we can not say it was wholly insufficient to authorize the verdict returned, and since we may not usurp the function of the jury, the judgment of the trial court is

*Affirmed.   Russell, C. J., dissents.*

DECIDED JANUARY 11, 1916.

Indictment for larceny from house; from Gilmer superior court —Judge Patterson.   June 17, 1915.

*B. L. Smith, A. N. Edwards, William Butt,* for plaintiff in error. *Herbert Clay, solicitor-general,* contra.

RUSSELL, C. J., dissenting.   The evidence against the accused is entirely circumstantial, and, "to warrant a conviction on circumstantial evidence, the proved facts must not only be consistent with the hypothesis of guilt, but must exclude every other reasonably hypothesis save that of the guilt of the accused." Penal Code, § 1010. It is conceded that at best the case is a close one upon the facts. Perhaps the strongest circumstance offered by the prosecution to connect the accused with the perpetration of the offense was certain tracks near a house, which were made by a "peg-leg" (and the defendant wore a "peg-leg") ; and, in my opinion, the instruction of the trial judge of which complaint is made in the amendment to the motion for a new trial unduly compelled the jury to restrict the purposes for which certain testimony might be used and entirely precluded them from considering the fact that the incriminatory tracks near the house could have been made by some other person using a "peg-leg" than the defendant. The court's withdrawal of this view of the evidence must be deemed to have been especially prejudicial in view of the fact that there may have been other "peg-legs" that visited this house, at which intoxicating liquors were being notoriously sold, and which was continuously visited by large numbers of persons, not only from Georgia, but from the State of Tennessee. The jury were entitled to consider the circumstances in any light which might properly raise a reasonable doubt of the guilt of the accused, and, in view of the weak and

unsatisfactory nature of the evidence connecting him with the perpetration of the alleged offense, I think the court erred in overruling the motion for a new trial.