## 25898. MASSEY v. THE STATE.

FELTON, Justice. This appeal is from the judgment convicting appellant of the offense of armed robbery and a sentence of 20 years imprisonment and the overruling of his motion for new trial.

1. Defense counsel's motion for continuance for additional time to adequately prepare a defense was addressed to the discretion of the trial judge. *Morgan v. State,* 224 Ga. 604 (1) (163 SE2d 690) and cit. No abuse of discretion in the denial of said motion is shown in this case where it appears that counsel was appointed by the court 13 days prior to the trial; that counsel, through his investigator, had interviewed all but three witnesses who testified; that officer Pope had furnished statements of witnesses whom counsel had been unable to contact; that the court instructed the witnesses that had not talked with defense counsel to do so, whereupon counsel in turn instructed the witnesses to remain for that purpose; that the court delayed the trial until the next day so that counsel could discuss the case with such witnesses, who did not actually testify until two days later; that the State called defense counsel at home to inform him what newly-discovered witnesses would testify and made its entire file available to him; that no showing was made that any prospective witness not interviewed by the defense would be beneficial to the defendant; that the motion was not renewed after the court allowed an opportunity for defense counsel to confer with the State's witnesses; that no intricate questions of law or fact where involved in the case; and that defendant was positively identified by at least nine persons as one of the two robbers.

2. The court did not err in refusing to grant defendant's motions for a mistrial made on the ground that the assistant district attorney, in objecting to defense counsel's asking the defendant questions during his unsworn statement, stated that

"If he wants to swear him and put him under oath, it's a different situation." The mere fact that the jury is made aware that the defendant is making an unsworn statement does not result in reversible error. See *Waldrop v. State*, 221 Ga. 319 (7) (144 SE2d 372); *Hammond v. State*, 225 Ga. 545, 546 (170 SE2d 226). Indeed, a jury composed of intelligent persons would be presumed to be aware that the defendant has not been sworn. Since the asking of questions by defense counsel of the defendant during his unsworn statement is a privilege to be granted by the trial judge in his discretion, rather than a right, *Williams v. State*, 220 Ga. 766, 769 (141 SE2d 436), the prosecution was entitled to argue his contention that the judge was abusing his discretion in allowing the specific questioning in this case. Even if the questioned statement is construed as stating the misconception of the law that under no circumstances may defense counsel question the defendant during his unsworn statement, however, such error was cured by the court's specific reprimand and instruction to the jury on the following day.

3. "Whatever transpires in a criminal case, appertaining to the submission of testimony, the manner of examination, or *the failure of counsel to cross examine*, may be legitimately discussed; and it is for the jury and not the court to pass upon the force and effect to be given to the argument. *Inman v. State*, 72 Ga. 269 (3)." (Emphasis supplied.) *Frank v. State*, 141 Ga. 243, 276 (80 SE 1016); *Adkins v. Flagg*, 147 Ga. 136 (2a) (93 SE 92) and cit. The judge did not abuse his discretion in overruling the motion for a mistrial based on the prosecution's commenting upon the failure of defense counsel to cross examine one of the State's witnesses.

4. Before the psychiatrist-patient communications privilege established by *Code Ann.* § 38-418 (5), as amended by Ga. L. 1959, p. 190, may be invoked, the requisite relationship of psychiatrist and patient must have existed, to the extent that treatment was given or contemplated. See *Coker v. Oliver*, 4 Ga. App. 728 (3) (62 SE 483); *Lifsey v. Mims*, 193 Ga. 780 (1) (20 SE2d 32); Collins v. Howard, 156 FSupp. 322 (D.C. Ga., 1957); 97 CJS 827, 828, Witnesses, § 294. The psychiatrist appointed by the court for a sanity examination of the defendant may not be regarded as a prosecution witness, but is instead a witness for the court. *Jackson v. State*,

225 Ga. 790, 793 (171 SE2d 501). Hence, the requisite relationship did not exist and it was not error to admit in evidence the psychiatrist's testimony as to statements made to him by the defendant during the course of his examination of the defendant.

5. Where the unobjected-to indictment alleges the theft of money of the property of "Western Union Telegraph Co.," which constitutes "another" under the provisions of the criminal code (*Code Ann.* § 26-1901, 26-1902; Ga. L. 1968, pp. 1249, 1298, as amended; as defined in *Code Ann.* § 26-401 (c); Ga. L. 1968, pp. 1249, 1263), and where an employee of said corporation testified that the money taken from him was that of "Western Union Telegraph," it is obvious from the context that the reference is to the entity named in the indictment as the owner; therefore there is no variance between the allegations of the indictment and the proof as appellant here contends.

6. The court did not err in admitting in evidence, over objection, the appellant's pistol, which was allegedly used by him in the robbery and which was identified by six eyewitnesses as being *similar to or the same one* used in the robbery by the appellant. See *Wilson v. State*, 215 Ga. 782 (2) (113 SE2d 447); *Walker v. State*, 216 Ga. 15 (3) (114 SE2d 431); *West v. State*, 120 Ga. App. 390 (2) (170 SE2d 698); *Clements v. State*, 226 Ga. 66 (1) (172 SE2d 600); United States v. Ramey, 414 F2d 792 (5th Cir., 1969); Banning v. United States, 130 F2d 330, 335 (6th Cir.).

7. "Where the sentence imposed in a capital felony case is not a death sentence it is no ground to set aside such sentence that prospective jurors who were opposed to capital punishment were excluded from service." *Walker v. State*, 225 Ga. 734 (1) (171 SE2d 290) and cit.; *Brown v. State*, 226 Ga. 114, 115 (172 SE2d 666).

8. The trial court did not err in simultaneously submitting the issues of guilt and punishment to the same jury. *Jackson v. State*, 225 Ga. 790, 792 (171 SE2d 501); *Cummings v. State*, 226 Ga. 46, 50 (172 SE2d 395); *Haney v. State*, 226 Ga. 52, 56 (172 SE2d 592); *Simmons v. State*, 226 Ga. 110, 113 (172 SE2d 680) and cit.; *Johnson v. State*, 226 Ga. 511, 516 (175 SE2d 840).

9. The verdict is amply supported by evidence. The court did

not err in entering judgment on the verdict and overruling the motion for a new trial as amended.

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 15, 1970—DECIDED SEPTEMBER 10, 1970—REHEARING DENIED SEPTEMBER 24, 1970.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Albert C. Tate, Jr.,* for appellant.

*Lewis R. Slaton, District Attorney, Tony H. Hight, Stephen A. Land, Carter Goode, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, William R. Childers, Jr., Assistant Attorneys General,* for appellee.