## 27262. PLUMMER v. THE STATE.

GUNTER, Justice. The appellant here was convicted in the trial court of the crime of kidnaping for ransom. A jury set his sentence at life imprisonment and judgment was duly entered to that effect by the court. The appellant filed a motion for a new trial which was overruled on each and every ground thereof, and the case is now here for review.

The first error enumerated complains of the overruling of a

motion to suppress the testimony of Dr. M. A. Bosch as evidence for the prosecution. The trial judge overruled the motion to suppress and permitted the physician to testify under the following instructions from the court: "All statements made to you (by the accused) are protected by the confidential relationship imposed by this order and therefore you will not state to the jury anything that the defendant may have told you. You will, however, be permitted to give an opinion, if you have one, based upon your examination of the defendant as to his mental condition."

The physician then testified that he had examined the defendant, pursuant to order of the court, for approximately five hours over a period of several days, and that in his opinion, based upon this examination, the defendant was able to distinguish between right and wrong and the defendant was able to cooperate with his counsel in the preparation of the defense of his case.

The appellant's contention here is that the admission of the physician's testimony into evidence violated the psychiatrist-patient privilege established by *Code Ann.* § 38-418 (5). The examination of the defendant had been ordered by the court at the request of defendant's counsel. Under the trial court's order communications between the defendant and the physician were protected by the statutory privilege, but the objective result of the examination was not so protected, and the objective result of the examination was admissible. See *Massey v. State*, 226 Ga. 703 (4) (177 SE2d 79). Therefore, the first enumerated error is without merit.

The second enumerated error complains that the trial court refused to permit appellant's counsel to poll the jury with respect to its verdict of guilty. After the jury returned its verdict the trial court proceeded with the second-step sentencing phase of the case. The request to poll the jury with respect to its guilty verdict was not made until after the jury had retired to consider the sentence to be imposed as a result of its verdict of guilty. The

trial judge ruled that the right to poll the jury was waived by not asking for such a poll at the proper time, namely, right after the jury had rendered its verdict of guilty.

We hold that under the present two-step procedure in criminal cases a request to poll the jury must be made at the time the jury renders its verdict, that is, right after the jury has returned a verdict of guilty or right after a jury has rendered the sentence to be imposed. This enumerated error is without merit.

The third error enumerated complains of the overruling of the appellant's motion for a mistrial based upon the fact that the State utilized nine of its peremptory challenges to strike black jurors from the jury panel, thereby eliminating all black jurors from the panel.

Black's Law Dictionary (Rev. 4th Ed., 1968), defines "peremptory challenge" in criminal practice as follows: "A species of challenge which the prosecution or the prisoner is allowed to have against a certain number of jurors without assigning cause. Lewis v. United States, 146 U. S. 370 (13 SC 136, 36 LE 1101)."

Peremptory challenges as provided by law in this State may be exercised by either the State or the accused without giving any reason therefor; and exercising this statutory right in any particular way is not cause for a mistrial.

The fourth enumerated error complains of the trial court's failure to give certain requested charges to the jury. We have carefully reviewed the transcript containing the charge of the court, and it fully and fairly covered and presented to the jury the issues to be decided in this case. The requested charges were given in substance though not given in the exact language requested. The fourth enumerated error shows no ground for reversal of the trial court's judgment.

*Judgment affirmed. All the Justices concur.*
Argued June 13, 1972—Decided November 9, 1972—
Rehearing denied November 30, 1972.

*J. Sewell Elliott*, for appellant.

*Jack J. Gautier, District Attorney, Stephen Pace, Jr., Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Assistant Attorney General, Daniel I. MacIntyre, Deputy Assistant Attorney General*, for appellee.

ON MOTION FOR REHEARING.

One of the grounds of appellant's motion for rehearing in this case contends that this court has overlooked a material fact in the record, namely, that the examination of the appellant by Dr. Bosch was "for the purpose of the physician acting as a confident [sic] and advisor to defense counsel and to aid in the investigation and preparation of the case and the defenses of the mentally retarded defendant. The purpose of the examination was not to determine whether or not defendant was sane."

The trial court judge's order providing for the examination of the appellant by the psychiatrist is in the record, and it provides, among other things, that the examination by the psychiatrist was "for the purpose of thoroughly examining and determining the mental condition of the said John Thomas Plummer."

We therefore interpret the purposes of the psychiatric examination, as set forth in the trial judge's order, differently from that interpretation of the order made by the appellant in his motion for rehearing. We therefore did not overlook this material fact in the record. We merely disagree with the appellant's interpretation of the purposes of the ordered psychiatric examination.

This and the other grounds contained in the motion for rehearing are without merit.

*Motion for rehearing denied.*