## 28384. THADD v. THE STATE.

SUBMITTED OCTOBER 26, 1973 — DECIDED JANUARY 28, 1974.

*Grogan, Jones & Layfield, John C. Swearingen, Jr.,* for appellant.
*E. Mullins Whisnant, District Attorney, Douglas C. Pullen, Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, Michael Dyer, Assistant Attorneys General,* for appellee.

GRICE, Presiding Justice. Ronnie Thadd appeals from his conviction in the Superior Court of Muscogee County of two counts of armed robbery and two counts of aggravated assault, from the sentences totalling 18 years and also from the denial of his motion

for new trial.

Previously he had filed a special plea of insanity at the time of trial which had resulted adversely to him, and had thereafter interposed a plea of not guilty which also went against him.

■ In this appeal enumerations of error 1 through 8 deal with the sufficiency of the evidence and the denial of the motion for new trial upon the general grounds.

The evidence showed that on January 7, 1972, the victims, a Marine and a soldier stationed at Fort Benning, Georgia, checked into a room at a motel in Columbus, Georgia. A woman whom the soldier had met earlier in the evening came to the room, whereupon the Marine went into the bathroom to take a bath. The woman then made several telephone calls and a short time later someone knocked on the door. She opened it and two black males, one identified as the appellant and the other not identified, entered the room.

The soldier testified that he was beaten by the appellant, stabbed by the unidentified black male and kicked in the ribs by the woman as he lay on the floor; that he refused to reveal where his money, approximately $158, was hidden; that the appellant grabbed the Marine when he came out of the bathroom and beat him until the Marine finally revealed where the money was hidden; and that thereupon the woman retrieved it.

The Marine swore that upon hearing the scuffle he came out of the bathroom; that the appellant grabbed, choked and cut him on the back until he told them where the soldier's money was hidden; that they took his watch, a ring and his wallet containing $2.81; that the two men and the woman then left with the valuables; that he summoned the police; and that subsequently the appellant was arrested.

The appellant argues that he was convicted of the aggravated assault counts on insufficient circumstantial evidence since no witnesses saw him cut or stab the victims.

In our view, however, the evidence clearly supports convictions of aggravated assault as defined by Ga. L. 1968, pp. 1249, 1280 (Code Ann. § 26-1302). That section provides in pertinent part that "A person commits aggravated assault when he assaults (a) with *intent* to murder, rape, or *to rob, or* (b) with a deadly weapon." (Emphasis supplied.) Thus there is no requirement that the assault must be with a deadly weapon in order to convict of this offense.

The appellant also insists that the trial court erred in failing to charge with reference to parties to a crime, as set forth in Ga. L.

1968, pp. 1249, 1271 (Code Ann. § 26-801). However, since the aggravated assault verdicts are supported by the evidence and are not contrary to law , we need not consider this contention.

The appellant makes no argument regarding the sufficiency of the evidence to support the armed robbery convictions. It is conspicuously present.

As to the evidence on the issue with reference to the appellant's mental condition when the crime was committed, we likewise find it to be ample to sustain the jury's verdict of guilty of the crimes as charged.

Accordingly, these enumerations of error relating to the general grounds cannot be sustained.

■ Enumeration 9 asserts that the trial court erred in admitting the testimony of the state's medical witness at appellant's special plea of insanity hearing; and that since that evidence should have been excluded and since no other evidence rebutting the presumption of insanity established by appellant was introduced, the appellant was entitled to a directed verdict of insanity as to that issue.

(a) It is urged that this witness, a psychiatrist at Central State Hospital, last examined appellant three months prior to his trial; that he testified that he had no opinion of appellant's insanity since that date; and that the state of appellant's mental condition three months prior was not at issue. We do not agree.

The testimony of this witness was relevant and competent in regard to material issues raised by the appellant. The witness stated that when he talked to appellant he knew of the charges against him and was able to articulate the facts involved in a coherent manner. These conversations occurred during the time that appellant's counsel testified that he was unable to understand the charges and help formulate a defense. His testimony also indicated that appellant was not suffering from a continuing incompetency, as contended. All of his testimony, in fact, was in conflict with appellant's position of his past adjudication of insanity and was properly admitted to overcome any presumption which arose, as well as for purposes of impeachment.

(b) The contention that the court should have directed a verdict in appellant's favor as to his special plea is likewise not valid. The record does not show that a motion for directed verdict was made. Therefore there is nothing for this court to review as to this feature.

Additionally, the evidence was in conflict between the testimony

of the appellant's attorneys and his private investigator on the one hand and the psychiatrist and an assistant jailer on the other. A directed verdict was not authorized. We find no error in this enumeration.

■ In enumeration 10 the appellant complains of the trial court's refusal to allow his Veterans Administration record in evidence.

The transcript of proceedings reveals, however, that the trial court never ruled that this document was either admitted or excluded.

When the material was first tendered and objected to, the judge stated that he would reserve ruling until he could "get a little law" on the question of its admissibility, but that he had not overruled it. The document was tendered again the next day and after some discussion defense counsel stated, "Your Honor, at this time we would just go ahead and proceed. Let the Court reserve its ruling."

There is nothing in the record to show that this document was ever retendered. Therefore, no cause for reversal transpired in this regard.

■ The appellant submits in enumeration 11 that the trial court erred in allowing a psychiatrist from Central State Hospital to testify for the state over the objection that this violated the psychiatrist-patient relationship.

Appellant contends that this witness was a prosecution witness, not a witness for the court. However, the transcripts show that appellant was admitted to Central State Hospital for psychiatric examination under court order.

This court has specifically held that "The psychiatrist appointed by the court for a sanity examination of the defendant may not be regarded as a prosecution witness, but is instead a witness for the court. *Jackson v. State,* 225 Ga. 790, 793 (171 SE2d 501). Hence, the requisite relationship did not exist and it was not error to admit in evidence the psychiatrist's testimony as to statements made to him by the defendant during the course of his examination of the defendant." *Massey v. State,* 226 Ga. 703 (4) (177 SE2d 79).

■ In enumeration 12 appellant asserts that the trial court erred in refusing to grant a mistrial because his character was put into issue at the criminal trial.

The testimony objected to was given by the court appointed psychiatrist. He, in answering a question by state's counsel in regard to appellant's medical history, stated that he had been discharged from the army with a drug problem.

Upon reading this entire exchange as a whole it is apparent that

the state's attorney realized what the witness was about to discuss and attempted to stop the testimony now complained of. Defense counsel objected to cutting this witness off, however, and thus the testimony was allowed to reach the jury.

Furthermore, information as to the appellant's possible drug involvement had already been introduced by the defense in his medical records.

Finally, the trial court, at request of defense counsel, instructed the jury that "There is no contention in this case that this man is a user of drugs, and for that purpose, you will ignore any reference to the use of drugs." In our view no reversible error occurred.

■ Appellant argues in enumeration 13 that the trial court should have excluded the psychiatric testimony of the expert witness offered by the state because it was opinion evidence based upon the observation and opinions of others. This contention is not borne out by the record.

The witness stated several times that his opinion as to the appellant's mental condition was based upon an almost three hour interview and examination which he conducted pursuant to the court order. The only reference to psychological tests made by other doctors under this witness' direction which might have had a bearing upon his opinion was made outside the presence of the jury. Therefore this argument is not valid.

■ Enumeration 14 complains of the failure to grant a directed verdict of acquittal.

The evidence upon the trial, referred to in Division 1, clearly shows that appellant participated in the criminal activities.

The evidence as to his sanity was conflicting, but included testimony which indicated that his behavior was a result of sociopathic tendencies rather than insane delusions. One of his own expert witnesses testified that he "saw no evidence of psychosis at any time," in the appellant, but that he could lose touch with reality and not be in control of himself. The court appointed psychiatrist, however, testified that the appellant's "reality contact was good"; that he knew right from wrong; and that he was not suffering from any delusional or "thinking disorder."

Therefore, it was not error to refuse to direct a verdict of acquittal. See *Merino v. State,* 230 Ga. 604 (1) (198 SE2d 311).

■ Nor was it error, as urged in enumeration 15, for the court to charge on conspiracy since appellant was not indicted for that offense.

This contention was decided adversely to appellant in the recent decision of *Battle v. State,* 231 Ga. 501, wherein we held that under facts similar to those here such a charge was not erroneous.

■ There is likewise no merit in enumeration 16 which urges that the trial court erred in refusing to give eight requested charges. We have considered each of these and find that none was subject to any of the attacks made thereon.

■ Error is assigned in enumeration 17 on the failure to charge the jury that the verdict must be unanimous.

No request for this charge was made and no objection was made to the charge given. Furthermore, no request was made that the jury be polled and appellant's counsel stated that the verdicts were in proper order.

Therefore, this enumeration which attempts to raise this question for the first time cannot be sustained. *Parks v. State,* 230 Ga. 157 (1) (195 SE2d 911); *Green v. State,* 230 Ga. 756 (2) (199 SE2d 199).

In our appraisal no error took place as to this or any other feature of the case.

*Judgment affirmed. All the Justices concur.*