## 30101. CUNNINGHAM v. THE STATE.

HALL, Justice.

Willie Howard Cunningham was indicted, tried and convicted by a jury, along with two other defendants, for armed robbery and simple assault arising from the robbery and shooting of the proprietor of the Oaks Motel in Newnan. The sole ground for appeal is the denial of defendant's motion for a directed verdict because the evidence was not sufficient to prove the appellant guilty beyond a reasonable doubt. See Code Ann. § 27-1802 (a); *Merino v. State,* 230 Ga. 604 (198 SE2d 311); Code Ann. § 38-109; *Davis v. State,* 13 Ga. App. 142 (78 SE 866).

At trial the motel proprietor testified to seeing Cunningham's co-defendant, Hardwick Cain in the motel's restaurant having a cup of coffee while two others waited outside in a wine colored automobile. A little over an hour later, Cain, along with Cunningham, entered the motel office and inquired about a room; Cunningham also asked for a beer. When the owner returned with the beer, Cain pointed a pistol at him and said, "We don't want no room, we want some money . . ." In an ensuing scuffle the 75-year-old motel owner was shot in the stomach, but the proprietor was able to notify the police, who stopped the car with the three defendants in it only six minutes later. In the car were found the pistol used to shoot the victim and the victim's own .38 caliber pistol, as well as a sawed-off shotgun. In addition, rolled coins from the motel were discovered in the console next to the defendant, who was driving. The third defendant, Willie James Bettie, admitted that he saw Cain come out of the motel carrying a plastic money tray, which was also found in the car.

The defendant claims that he was present with Cain and Bettie at the Oaks Motel, but that they had not arrived earlier for coffee as the proprietor had testified. According to the defendant, after he acquired the beer he had gone out to the car where he sat with Bettie in the rain with the radio playing and did not know that Cain had robbed and shot the motel owner. Nor did he suspect so, despite the coins, guns and tray, as they left the Oaks Motel and headed back to Atlanta.

The only direct evidence of the defendant's

participation in the crime is the victim's testimony at trial that he was aware of the defendant walking back and forth and in and out of the office during the robbery. However, the defense offered as impeaching evidence, the proprietor's testimony at the preliminary hearing where he stated that when Cain pulled the gun on him they were alone in the office and that the defendant had already walked out. He also had testified at that time that he did not know if anyone came back into the office because he was "knocked unconscious and couldn't see." The third co-defendant corroborated appellant Cunningham's testimony that they both were in the car during the incident.

It was the duty of the jury to weigh this evidence. Since it found that the defendant was guilty, its verdict must be honored as long as there is any evidence to support it. *Jones v. State,* 17 Ga. App. 479 (87 SE 688). We find that the direct and circumstantial evidence, taken together, is sufficient to satisfy the requirements of Code Ann. § 26-801, that the defendant did intentionally aid and abet Cain in planning and carrying out the robbery and assault, and that, therefore, he was concerned in, and may be convicted of, the commission of the crime. See *Merino v. State,* 230 Ga. 604, supra. *Lundy v. State,* 130 Ga. App. 171 (202 SE2d 536); *Cummings v. State,* 127 Ga. App. 695 (194 SE2d 629); *Smith v. State,* 56 Ga. App. 384 (192 SE 647); *Parris v. State,* 17 Ga. App. 478 (87 SE 707). Thus, the court did not err in denying defendant's motion for a directed verdict.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 7, 1975 — DECIDED SEPTEMBER 12, 1975.

*William E. Anderson,* for appellant.

*Eldridge W. Fleming, District Attorney, Arthur K. Bolton, Attorney General, Lois F. Oakley, Assistant Attorney General,* for appellee.