31590. RAMEY v. THE STATE.

JORDAN, Justice.
Appellant was convicted of the murder of his uncle, Otis Kell, sentenced to life imprisonment and appeals.
1. The state's evidence was circumstantial. The

victim's daughter testified that on the night of the slaying she overheard a telephone call in which the appellant requested an urgent meeting with the victim. The victim agreed to meet the defendant at 8:15 p.m. and, upon leaving the house, remarked: "He may be going to shoot me but I got my knife." At approximately 8:00 p.m. "or a little after" a shooting was witnessed in a parking lot at Rumsey's store. The witness observed two cars. A white or light colored compact was parked three or four feet in front of a station wagon. He saw a man run toward the rear of the station wagon, and a shot rang out. The running man gasped, and fell at the rear wheel of the station wagon and began attempting to crawl under the car. The assailant approached the victim and fired at least one more shot. The assailant fled in the compact car. There was evidence that appellant drove a white compact car. Later that evening, appellant left a seven millimeter bolt-action mauser rifle with his brother-in-law. A seven millimeter cartridge case was found at the scene of the crime. Expert testimony established that the cartridge was fired by the rifle. The bullet taken from the victim's body was fired by a seven millimeter bolt-action Mauser rifle, but because of the condition of the rifle barrel, it was not possible to establish whether or not the bullet was fired by the particular rifle in question.

At the close of the state's evidence, appellant moved for a directed verdict of acquittal. Using, as we must, the "any evidence test" (see *Bethay v. State,* 235 Ga. 371, 375 (219 SE2d 743) (1975); *Cunningham v. State,* 235 Ga. 126 (218 SE2d 854) (1975)), we find the evidence supports the verdict, and therefore appellant's first four enumerations of error, based on the general grounds, and the failure to direct a verdict, are without merit.

2. During direct examination, a state's witness stated that the appellant "was picked up out of Athens lodged in the jail there and he did have a charge against him there so. . ." The statement was volunteered, and was not called for by the state's question. Appellant's counsel objected to this testimony and moved immediately for a mistrial on the ground that the testimony impermissibly placed appellant's character in issue and was highly prejudicial. The court then instructed the jury on the

defendant's presumption of innocence, and his presumption of good character. The court explained that the fact that someone is charged with something does not indicate that he has done something wrong. The court then admonished the jury not to consider the offending remark in their deliberations. We find no error. *Woods v. State,* 233 Ga. 495 (212 SE2d 322) (1975).

3. Appellant's claim that the court erred in admitting, over objection, photographs of the wounds of the deceased, because the photographs were inflammatory and prejudicial is without merit.

4. At the trial, the rifle, the spent cartridge casing, and the bullet were admitted over the objection by appellant that an unbroken chain of custody, as to each item, had not been established. There is no necessity of establishing a chain of custody where the evidence sought to be admitted is "a distinct physical object that can be identified and differentiated by the senses on observation." *Starks v. State,* 113 Ga. App. 780 (1) (149 SE2d 841) (1966); *White v. State,* 230 Ga. 327 (196 SE2d 849) (1973). Like the ax involved in *Starks,* supra, the rifle here is not subject to the "chain of custody" requirement. Assuming without deciding that the chain of custody rule would apply to a shell casing or spent bullet which was indistinguishable, at least to the naked eye, from all other similar shell casings and bullets, we find that the chain of custody as to these items was firmly established. There was no error in admitting these items of evidence.

5. At the end of all the evidence, appellant moved to have the testimony of the victim's daughter, relating to the telephone call she overheard, excluded on the ground of irrelevance. Appellant claimed that because she testified that the meeting was to be at "DeWitt's Store," when later testimony referred to the scene of the crime as "Rumsey's Groceries," that the phone call was irrelevant. The trial court correctly perceived that the apparent conflict went to the weight of the evidence only, and that an agreement to meet, made between appellant and the victim, was certainly relevant. The motion to exclude was properly denied.

6. Finally, appellant alleges the trial court erred in

refusing his requested charge on voluntary manslaughter. The evidence upon which he bases his claim that the charge was warranted was that an open pocketknife was found under the body of the victim, and also the statement of the victim, as he left the house, that he had his knife. We agree with the trial court that this evidence, standing alone, is no evidence that appellant acted solely "as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person . . . ." within the meaning of Code Ann. § 26-1102. There was no error in refusing the written request to charge on voluntary manslaughter.

7. The remaining issues, as to the denial of various other written requests to charge, not having been supported by argument or citation of authority, are deemed abandoned. Rules of the Supreme Court of Georgia, 18 (c) (2); *West v. State,* 229 Ga. 427, 429 (192 SE2d 163) (1972).

*Judgment affirmed. All the Justices concur.*

Submitted September 30, 1976 — Decided December 1, 1976 — Rehearing denied December 14, 1976.

*James M. Rea,* for appellant.

*V. D. Stockton, District Attorney, Arthur K. Bolton, Attorney General, B. Dean Grindle, Jr., Assistant Attorney General,* for appellee.