## 32168. CORBIN v. THE STATE.

BOWLES, Justice.

The appellant, Ronnie Corbin, was indicted, tried and found guilty by a jury of murder and aggravated assault. The sentence of life imprisonment was imposed for the murder with ten years to follow for the aggravated

assault. The sole ground for appeal is the denial of appellant's motion for new trial on "general grounds."

At trial, the state offered as evidence against the appellant the testimony of three witnesses who saw appellant shoot the victim, Herman Warner, Jr., on August 27, 1976. The evidence introduced showed the following: Appellant, while participating in a dice game, got into an argument with the murder victim, who was also participating in the game. One of the witnesses, testified she was looking out of a window of her apartment and had observed the dice game and heard Warner demand money from the appellant. Appellant began arguing with Warner and a struggle followed. Appellant pulled a weapon and fired at the victim who turned and ran, with the appellant in pursuit.

At this point, an Atlanta police sergeant, who was working a second job as a security officer in a store nearby, was alerted by a customer that there was about to be a shooting. The officer testified that he went outside and saw the appellant shooting at another man. The officer yelled at the appellant to drop his gun, whereupon a chase ensued during which appellant fired at the victim and the officer. The chase ended in an alley where appellant was handcuffed and arrested. The gun was not recovered, the officer testifying that Corbin must have thrown it aside during the chase.

Another witness, who was working as a security guard in a parking lot close by, testified that he had seen the appellant chase and shoot the victim. This witness had joined the police officer in pursuit of the appellant and helped in apprehending the appellant.

Appellant testified in his own behalf. He admitted being a participant in the dice game, but denied being the one who had shot the victim. The only other testimony introduced for the defense was that of a microanalyst with the Georgia crime laboratory who testified that he ran an absorption analysis of swabs taken from appellant's hands, but that the tests were negative. The witness pointed out that these tests did not eliminate the possibility that appellant had handled firearms. In fact, he testified that the test performed was only accurate about 40 percent of the time.

Appellant enumerates as error the general grounds of a motion for new trial. In passing on these grounds, the rule of this court is to pass not on the weight but on the sufficiency of the evidence. *Ridley v. State,* 236 Ga. 147 (223 SE2d 131) (1976); *Strong v. State,* 232 Ga. 294, 298 (206 SE2d 461) (1974); *Ingram v. State,* 204 Ga. 164, 184 (48 SE2d 891) (1948). It was the duty of the jury to weigh the evidence. "Since it found that the defendant was guilty, its verdict must be honored as long as there is any evidence to support it. *Jones v. State,* 17 Ga. App. 479 (87 SE 688)." *Cunningham v. State,* 235 Ga. 126 (218 SE2d 854) (1975). See, *Ramey v. State,* 238 Ga. 111, 112 (230 SE2d 891) (1976). We find the evidence supports the verdict and therefore appellant's enumeration of error is without merit.

*Judgment affirmed. All the Justices concur.*

Submitted April 1, 1977 — Decided May 25, 1977.

*J. Douglas Willix,* for appellant.

*Lewis R. Slaton, District Attorney, Donald J. Stein, Assistant District Attorney, Arthur K. Bolton, Attorney General, Kirby G. Atkinson, Assistant Attorney General,* for appellee.