## 32225. RHODES v. THE STATE.

BOWLES, Justice.

Appellant, Nancy Rhodes and co-indictees Arthur Murray and Edward Lawrence Rhodes, alias Larry Williams alias Tyrone Johnson, were indicted on a charge of armed robbery. Edward Rhodes escaped from custody before trial and was subsequently arrested in Louisiana but not before the time of the trial of Nancy Rhodes and Arthur Murray. Appellant and Arthur Murray were convicted after a jury trial in Muscogee County for the offense charged and appellant received a ten-year sentence. She appeals her conviction after the trial court denied her motion for a new trial. We affirm.

The evidence shows that two men entered the Big Star Food Store in Columbus, Georgia, on July 10, 1974. The head cashier testified that while in an office in front of the store she noticed two men enter the premises. They walked up to her and inquired about job openings and she informed them there were no openings at present but they might try other chain stores in the area. The cashier then left the office to operate her cash register and saw one of the men approach her. This man, Arthur Murray, who was tried along with the appellant, pointed a gun at her and told her to give him all the money she had or he would "blow her brains out." After she gave Murray the money from her cash register Murray walked over to another cash register and demanded that cashier hand over all the money she had. This second cashier testified that Murray stated that "if you don't give me the money, I am going to shoot your G.D. guts out." The second cashier testified that she promptly filled the paper bag with the currency and gave it to Murray.

While Murray was robbing the two cashiers, his partner, Edward Rhodes, went in the office of the grocery

store and robbed one of the co-managers of the store. After taking money from the co-manager, Rhodes waved his pistol in the air and yelled for all the people in the store to run to the back. The two holdup men then walked out of the side door, toward a light orange automobile.

A clerk at the store testified that he followed the two men and saw them get into a car which immediately pulled away from the store. The clerk testified that he followed the car in his truck, flagged down a Columbus police officer and alerted him to the situation. The police officer testified that he chased the vehicle at high speed with sirens and lights flashing. The driver attempted to outrun the police and refused to pull the vehicle over. The officer testified that he saw the appellant, Nancy Rhodes, at the wheel of the car and pulled alongside and motioned for her to pull over, but she would not. The officer testified that he never saw a weapon pointed at the appellant nor did he see her husband grab the steering wheel as she contended. Finally, appellant's car was stopped by another police officer who drove his car in front of the appellant's and allowed her to hit his automobile. The officer found inside the car the appellant, who was driving, her husband, Edward Rhodes, Arthur Murray and two small children. After a search of the car the police officers found the two pistols used in the holdup, and the money taken. The officers also found a loaded .22 caliber Derringer in the appellant's pocketbook.

At trial the appellant denied involvement in the crime and stated for the first time that her husband had forced her to participate in the robbery by aiming a gun at her. The appellant testified that her husband held the steering wheel and operated the accelerator in her car from the passenger's seat.

Appellant enumerates as error the "general grounds" of a motion for new trial. She contends that the only evidence connecting her with the commission of the crime was that she was with the defendants Rhodes and Murray when the armed robbery took place. Citing *Sweat v. State,* 119 Ga. App. 646 (168 SE2d 654), the appellant contends that her mere presence when the crime was committed, without more does not support a conviction of armed robbery.

From a thorough reading of the transcript the evidence clearly connects the appellant with the robbery, her act being more than a mere presence at the scene of the crime. The evidence shows that the automobile immediately pulled out as soon as the two holdup men entered it, authorizing the jury to consider the lack of hesitation on appellant's part and indicating she was waiting for the two armed thieves to return, and ready to make a fast getaway. The evidence also showed that the driver of the getaway car attempted to outrun the police, achieved considerable speed, and weaved in and out of traffic. The officers who chased the appellant's car never saw a weapon pointed at her, nor did either see her husband grab the steering wheel as she contended. When arrested, the appellant had a loaded pistol in her pocketbook, and did not identify herself as the wife of Edward Rhodes who was one of the two holdup men. Appellant later admitted knowing that her husband had recently escaped from jail in New Orleans, and was wanted by the police in several southern states. At the time of her arrest she failed to tell the police that her husband had coerced her into driving the getaway car and she raised this for the first time at trial. Appellant's guilt is based upon the fact that she is a co-conspirator, this conclusion being based upon her acts and conduct as set out above. See *Eberheart v. State,* 232 Ga. 247, 253 (206 SE2d 12) (1974); *Dixon v. State,* 231 Ga. 33 (200 SE2d 138) (1973).

In passing on the "general grounds," the rule of this court is to pass not on the weight but on the sufficiency of the evidence. *Ridley v. State,* 236 Ga. 147 (223 SE2d 131) (1976); *Strong v. State,* 232 Ga. 294, 298 (206 SE2d 461) (1974); *Ingram v. State,* 204 Ga. 164, 184 (48 SE2d 891) (1948). It was the duty of the jury to weigh the evidence. "Since it found that the defendant was guilty, its verdict must be honored as long as there is any evidence to support it. *Jones v. State,* 17 Ga. App. 479 (87 SE 688)." *Cunningham v. State,* 235 Ga. 126 (218 SE2d 854) (1975). See *Ramey v. State,* 238 Ga. 111, 112 (230 SE2d 891) (1976). We find the evidence supports the verdict and, therefore, appellant's enumerations of error are without merit.

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 22, 1977 — DECIDED
JUNE 20, 1977.

*Henrietta E. Turnquist,* for appellant.
*Mullins Whisnant, District Attorney, J. Gray Conger, Assistant District Attorney, Arthur K. Bolton, Attorney General,* for appellee.