## 32718. KIMBLE v. KIMBLE.

JORDAN, Justice.

This is an appeal from a divorce case in which a divorce was granted with the plaintiff-wife receiving permanent custody of the couple's five children along with a monthly award for child support. Throughout the course of this litigation, there were numerous motions, applications for contempt, and orders filed. The only orders involved in this appeal by the defendant-husband are the denial of his discovery motion to allow the

deposing of plaintiff's psychiatrist and the trial court's final order which denied his motion for a new trial and amended an illegal portion of the final judgment and decree, thereby making it legal.

1. Appellant first enumerates as error the trial court's denial of his motion to allow the deposing of plaintiff's psychiatrist. Code Ann. § 81A-126 (b) (1) allows parties to "obtain discovery regarding any matter, *not privileged,* which is relevant to the subject matter involved in the pending action. . ." (Emphasis supplied.) Communications between a psychiatrist and his patient are protected as privileged communications under Code Ann. § 38-418 (5).

Appellant relies on the cases of *Massey v. State,* 226 Ga. 703 (177 SE2d 79) (1970) and *Plummer v. State,* 229 Ga. 749 (194 SE2d 419) (1972) as authority for his proposition that the trial court erred. These cases are not applicable.

Both *Massey* and *Plummer* were criminal cases involving a situation where the defendant had plead not guilty by reason of insanity, and the psychiatrist involved was appointed by the court to determine the issue of sanity. The psychiatrist was not a witness for either the prosecution or the defense, but was instead a witness for the court. Under those circumstances, the requisite relationship of psychiatrist and patient did not exist to the extent that psychiatric treatment was given or contemplated. Therefore, the privilege established by Code Ann. § 38-418 (5) could not be invoked.

In the present case the appellee went to the psychiatrist on her own volition for the purpose of gaining professional psychiatric assistance, thus creating the requisite confidential relationship of psychiatrist and patient. Under these circumstances the appellee could claim the privilege of Code Ann. § 38-418 (5) and the trial court did not err in denying appellant's motion to depose appellee's psychiatrist.

2. Appellant's second enumeration of error contends that the trial court erred in amending an illegal portion of the final judgment and decree. In the original decree, appellant was ordered to pay the sum of $433 per month in child support with the payments being reduced by

102

one-fifth as each child attained the age of eighteen years. The illegal portion of this decree was its final provision which ordered that the child support payment would include the month in which a child attained the age of eighteen. This provision made the original decree illegal on its face in that it required appellant to pay child support after a child had reached the age of majority. Code Ann. § 74-105; *Clavin v. Clavin,* 238 Ga. 421 (233 SE2d 151) (1977).

Appellant raised this issue in a motion for new trial. The trial court denied appellant's motion for a new trial, but amended the original decree in accordance with Code Ann. § 110-112. The amended decree corrects the illegality of the original decree by prorating the child support due during the month the child attains the age of eighteen.

Appellant argues that the trial court had no authority to amend an illegal verdict in order to make it legal. Appellant contends that Code Ann. § 110-111, which prohibits the amendment of a verdict in matters of substance after the dispersion of the jury, prohibited the trial court's amendment of the original decree. This argument was presented before this court in the case of *Veal v. Veal,* 226 Ga. 285 (174 SE2d 435) (1970), where we held that the illegal portion of a divorce decree could be separated and properly stricken under the provisions of Code Ann. § 110-112. The order of the trial court in this case amending the original decree was nothing more than an amendment to write off that portion of the verdict which the court considered illegal. Such action by a trial court is authorized by Code Ann. § 110-112.

*Judgment affirmed. All the Justices concur.*

Submitted September 2, 1977 — Decided October 20, 1977 — Rehearing denied November 1, 1977.

*Carlisle & Newton, John T. Newton, Jr.,* for appellant.

*Beck, Goddard, Owen & Murray, John H. Goddard, Jr., Samuel A. Murray,* for appellee.