## 34521. PIERCE v. THE STATE.

NICHOLS, Chief Justice.

The defendant was convicted of the murder of her husband. She received a life sentence. She appeals. This court affirms.

1. In passing upon the general grounds, this court reviews not the weight but the sufficiency of the evidence to support the verdict. The evidence is viewed in the light

most favorable to the verdict. So long as there is "any evidence" to support the jury's verdict, it will not be disturbed on appeal. *Eubanks v. State,* 240 Ga. 544, 546 (242 SE2d 41) (1978). The burden of showing by a preponderance of the evidence that she was not mentally responsible at the time of the alleged crime was upon the defendant. This presumption of sanity does not dissipate with the presentation of evidence to the contrary; rather, the jury was free to reject the testimony of both the lay and the expert witnesses as to the sanity of the accused, and to rely instead upon the presumption of sanity with which the accused entered the trial. *Potts v. State,* 241 Ga. 67, 80-83(243 SE2d 510) (1978). There being evidence to support the jury's verdict, the first three enumerations of error are without merit.

2. The fourth enumeration of error complains that a psychiatrist was allowed to testify over an objection based upon the patient-psychiatrist privilege that during evaluation of the defendant at Central State Hospital, the defendant had told him the following: Her husband had come home around noon. He was angry with her because she had not gone with him that morning to cut a lawn. He called her bad names and threatened to choke her or beat her up. He had beaten her up the night before. She got her pistol and started shooting at him. She closed her eyes and kept on shooting until she ran out of bullets. She then went for help.

The trial court ruled that the patient-psychiatrist relationship to which Code Ann. § 38-418 (5) applies did not exist since the defendant was ordered by the court to be transferred to Central State Hospital for evaluation and examination. The applicability of the patient-psychiatrist privilege to the facts of this case being the only issue presented for decision, there is no merit in this enumeration of error. *Massey v. State,* 226 Ga. 703 (4) (177 SE2d 79) (1970); *Plummer v. State,* 229 Ga. 749 (194 SE2d 419) (1972); *Thadd v. State,* 231 Ga. 623 (4) (203 SE2d 230) (1974); *Thomas v. State,* 240 Ga. 393, 398 (242 SE2d 1) (1977). Cf., *Kimble v. Kimble,* 240 Ga. 100 (239 SE2d 676) (1977).

3. The final enumeration of error is deemed to be abandoned. Rule 18(c) (2). *Bradberry v. State,* 238 Ga. 83

(5) (230 SE2d 885) (1976); *Ramey v. State,* 238 Ga. 111, 114 (7) (230 SE2d 891) (1976).

*Judgment affirmed. All the Justices concur, except Hall, J., who concurs in the judgment only.*

SUBMITTED FEBRUARY 2, 1979 — DECIDED APRIL 5, 1979.

*Gaines A. Tyler, Lynda B. Rea,* for appellant.
*Frank C. Mills, District Attorney, Arthur K. Bolton, Attorney General, W. Davis Hewitt, Staff Assistant Attorney General,* for appellee.

HILL, Justice, concurring.

I fear that the precision with which Division 2 of the majority opinion has been written may be overlooked and that henceforth court-appointed psychiatrists will be examined by the state as to confessions given by the person examined (the accused "patient"). The majority opinion holds such testimony admissible only as against the psychiatrist-patient privilege; it does not hold such testimony admissible against the objections that the confession was not shown to be voluntary and that the Miranda warning was not given. Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964); Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).