## 35184. LEGGETT v. THE STATE.

UNDERCOFLER, Presiding Justice.

Appellant Jeffrey Donald Leggett was convicted of murdering his stepfather, Frank Adamson, on September 8, 1978, in Adamson's home and in the presence of Leggett's mother and two sisters. Leggett filed a special plea of insanity, which was tried before a jury that found him competent to stand trial. At the murder trial, Leggett's main defense was justification, but the evidence authorized the jury to find him guilty of murder. He was sentenced to life in prison and appeals. We affirm.

1. In his first enumeration of error, Leggett claims the court abused its discretion in denying him an independent psychiatric examination at the state's expense. Leggett, however, was examined by not only the Central State Hospital psychiatrist, but also, by stipulation, the Clayton County Mental Health Department psychologist. We find no abuse of discretion in denying him another psychiatrist. *Corn v. State,* 240 Ga. 130 (240 SE2d 694) (1977). Nor do we find merit in Leggett's second enumeration of error that the trial court abused its discretion in refusing to grant a continuance of his trial date so that the defendant could, four months

after his request for a psychiatric exam at state expense, arrange to be seen by an independent psychiatrist who might see him free of charge. *Campbell v. State,* 231 Ga. 69 (200 SE2d 690) (1973).

2. Leggett's third enumeration challenges the admissibility of his mother Myrna Adamson's testimony against him at the special plea of insanity on the ground that, since she had not seen him for over a year prior to the trial on the special plea, she could not testify to his present competence. Leggett himself presented evidence of his prior mental condition in support of his claim of present insanity. Thus, the state was entitled to rebut his case with its own evidence. We find no error.

3. Leggett next contends that the jury's verdict on the special plea of insanity was contrary to the evidence. He relies on the fact that his attorney testified that he was incapable of assisting in the preparation of his defense. Not only the presumption of sanity, *Johnson v. State,* 235 Ga. 486 (220 SE2d 448) (1975), but also the state's evidence, including the testimony of the psychiatrist, created an issue of fact on Leggett's competency for the jury to decide.

4. The fifth enumeration of error raises the question whether the court erred in allowing the court appointed psychiatrist to relate at the murder trial the incriminating statements made to him by the defendant in the course of his examination. The objections at trial were based on the psychiatrist-patient privilege, Code Ann. § 38-418 (5), and the Fifth Amendment. On appeal, however, he pursues only the privilege question, which has already been decided against him in *Pierce v. State,* 243 Ga. 454 (254 SE2d 838) (1979); *Thadd v. State,* 231 Ga. 623 (203 SE2d 230) (1974); *Massey v. State,* 226 Ga. 703 (177 SE2d 79) (1970). But see *Pierce v. State,* supra, Justice Hill concurring.

*Judgment affirmed. All the Justices concur, except that as to Division 3, Hill, J., concurs in the judgment only.*

SUBMITTED JULY 27, 1979 — DECIDED SEPTEMBER 10, 1979.

*Steinberg & Osborne, Charles J. Vrono,* for appellant.

*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney, Arthur K. Bolton, Attorney General,* for appellee.