## 64697. LYNCH v. THE STATE.

QUILLIAN, Chief Judge.

The defendant brings this appeal from his conviction of the offenses of rape and burglary. *Held:*

1. It was not error for the trial court to refuse to grant the defendant's motion for a second psychiatric examination at the expense of the State. Defendant's initial request for psychiatric evaluation by the State in November, 1980 had been granted. The State offered the result of that examination in evidence but defendant's objection was sustained. A second motion for evaluation was made on August 11, 1981, following incidents in which it was alleged the defendant attempted to take his life twice within a span of two hours. The evidence showed that he attempted to slash his wrist with a razor blade — while drunk.

The Supreme Court "has held that a trial court has the inherent right to investigate the sanity of an accused before trial. However, there is no mandatory requirement that it do so. [See *Taylor v. State,* 229 Ga. 536, 538 (192 SE2d 249)]. Likewise, there is no mandatory requirement that a trial court have the accused, whether indigent or not, examined at state expense by a psychiatrist." *Ricks v. State,* 240 Ga. 853, 854 (242 SE2d 604). "The grant or denial of a motion for independent psychiatric evaluation lies within the discretion of the trial court and will not be overturned unless an abuse of discretion is shown." *Messer v. State,* 247 Ga. 316, 319 (276 SE2d 15). We find no

abuse of discretion — particularly when this was a second request for psychiatric testing. *Leggett v. State,* 244 Ga. 226 (1) (259 SE2d 476); *Dampier v. State,* 245 Ga. 427 (4) (265 SE2d 565), U.S. cert. den. 449 U.S. 1119.

2. The defendant was charged with the rape of a victim in the instant case that he had been convicted of raping in 1973. See *Lynch v. State,* 234 Ga. 446 (216 SE2d 307). The State offered in evidence the earlier conviction of the rape of this same victim. The victim, who had known the defendant "all his life" made positive identification of Lynch as her attacker on both occasions. " 'Once the identity of the accused as the perpetrator of the offense separate and distinct from the one for which he is on trial has been proven, testimony concerning the independent crime may be admitted for the purpose of showing identity, motive, plan, scheme, bent of mind, and course of conduct.' " *State v. Johnson,* 246 Ga. 654, 655 (272 SE2d 321). This rule has "been rather liberally extended in cases of sexual crimes." *Hunt v. State,* 233 Ga. 329, 330 (211 SE2d 288). Another exception "is evidence of prior attempts by the accused to commit the same crime upon the victim of the offense for which he stands charged . . ." *Thomas v. State,* 239 Ga. 734, 737 (238 SE2d 888). This enumeration is meritless.

3. The victim testified that she knew it was Pete Lynch at the time he broke into her home and raped her. She stated that she told him at that time that she knew it was him. She heard something fall to the floor when he was taking his clothes off. "It was his knife on the floor. That was what the noise was." The victim testified that she was taken outside her house to another location and raped two more times. She "got a good look at his face" underneath a "street light" when they were outside the house. She also testified, on cross-examination, when asked the question: "Q. Did you see Pete Lynch's face that night in the house? A. Yes; I seen it and heard him drop his knife."

Officer David Lynn testified that when he arrived at the victim's home she made a positive identification of the defendant. He was given a knife by Micky Fennel who told him it was found by the victim's bed. At that time, Pam Moore was standing there and identified the knife as belonging to the defendant. Prior to trial Pam Moore married the defendant and apparently refused to testify against him at trial. The State resorted to the use of the statement made to the police officer on the night this incident occurred.

Under Code Ann. § 38-302 (Code § 38-302), "in a legal investigation, information, conversations . . . and similar evidence are facts to explain conduct and ascertain motives, they shall be admitted in evidence, not as hearsay, but as original evidence." Here,

the officer was conducting a legal investigation and in conversation with Pam Moore she identified a knife found by the victim's bed as belonging to the defendant. Her testimony was unavailable at time of trial. However, her statement was not admitted in its entirety. The court ruled: "All you can say is . . . that the knife was found at the scene and given to you by Pam Moore, who is now Ms. Pete Lynch. You can ask him did he have any conversation with her; what he did after the conversation, but I don't think you can go into the conversation." The foregoing occurred outside the hearing of the jury, and on the return of the jury, the officer testified: "The knife was given to me by Micky Fennel. It was found beside Ms. Cagle's bed . . . Q. Did you talk to Pam Moore concerning that knife? A. The reason I talked to her — she identified the knife. Q. . . . is that her name now — Pam Moore?" Counsel's objection to the witness' answer was sustained but he stipulated that the defendant is now married to Pam Moore. At that point counsel for the defendant moved for a mistrial but never obtained a ruling on it.

In interpretation of the meaning of Code Ann. § 38-302, the Supreme Court, in *Mooney v. State,* 243 Ga. 373, 393 (254 SE2d 337), held: " 'Although the better practice is to bring out the fact of the conversation without relating the exact words used, where the details are given there is no reversible error *unless the words are prejudicial,'* . . . [but this] should not be read . . . that Code Ann. § 38-302 will not allow introduction of prejudical evidence. That is not the law of this state, e.g. *Lloyd v. State,* 139 Ga. App. 625 (229 SE2d 106)" which held: "It was not error to admit the evidence in question merely because it might have a prejudicial effect on the defendant. [Cits.] The testimony that a witness [the police officer in the instant case] received certain information upon which he acted is admissible not as independent evidence to establish the truth of such information, but as an inducement and explanation by the witness that, acting on such information, he discovered other facts connecting the accused with the crime in question. [Cit.] Hearsay testimony may be admitted for the purpose of explaining conduct. [Cit.] When offered and admitted for the purpose of explaining conduct and to ascertain motives, evidence which is otherwise hearsay becomes original evidence for that purpose. [Cits.]" "[T]estimony given by an investigating law enforcement officer as to his conversations with victims and witnesses is admissible under Code Ann. § 38-302 not as hearsay but as original evidence. However, such testimony is admissible under that Code section only as original evidence 'to explain conduct' of the investigating officer, not as original evidence of the defendant's guilt." *Germany v. State,* 235 Ga. 836, 840 (221 SE2d 817); accord: *Harrell v. State,* 241 Ga. 181, 185 (243 SE2d 890). Hence, as the officer

here was conducting a legal investigation and the two witnesses told him that the knife was found by the victim's bed and that it belonged to the defendant, this was a part of the totality of the circumstances — which included the statement of the victim that it was the defendant who raped her — to explain the subsequent conduct of the officer in initiating a search for the defendant.

First, we find no error in the admission of the statement of Pam Martin to explain the subsequent conduct of the officer. Secondly, in view of the positive identification of the defendant by the victim, and her affirmative statement that he dropped his knife in her bedroom, even if admission of this evidence was error it is highly probable it did not contribute to the verdict as it was cumulative of other admissible evidence. *Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 869); *Williams v. State,* 144 Ga. App. 130, 133 (240 SE2d 890); *Kerr v. State,* 154 Ga. App. 470, 471 (268 SE2d 762); *Robinson v. State,* 229 Ga. 14, 16 (189 SE2d 53).

4. At the outset of the trial, counsel and the court were discussing the admissibility of the officer's testimony concerning identification of the knife found in the victim's bedroom and counsel for the defendant requested: *"At the time we have a ruling,* I would ask The Court to charge the Jury that the evidence is to be considered only for the purpose of showing conduct and not for the purpose of showing the guilt of the accused. THE COURT: All right." (Emphasis supplied.) At the time the court made its ruling the jury was not given a limiting instruction as to the purpose of the evidence. There was no objection and no further request for such instruction. No written request was ever made for a limiting charge to be included in the final charge to the jury. Defendant's last enumerated error claims error in the failure of the court to charge the jury on the limited purpose of this evidence.

"[T]rial counsel has an affirmative duty to assist the court in conducting the trial and, where the court offers to take certain action in response to a multi-ground motion, the failure of the court to take such action after disposing of the other grounds of the motion will be deemed to have been waived where counsel does not remind the court to do so. Defense counsel's timely exercise of the right tendered by the court would have brought this matter to the court's attention and avoided any possible error. The defendant cannot rely on error which would have been so easily prevented." *Jordan v. State,* 247 Ga. 328, 343 (276 SE2d 224). Here, the court agreed to give "at the time we have a ruling" a limiting instruction on the purpose of the evidence. Counsel did not remind the court and must suffer the consequences. Failure to instruct on the limited purpose of evidence is not error absent a request. *Patterson v. State,* 233 Ga. 724 (6) (213 SE2d 612).

Such request must be in writing for inclusion in the charge to the jury. Code Ann. § 70-207 (b) (Ga. L. 1965, pp. 18, 31; 1968, pp. 1072, 1078); *Norman v. State,* 121 Ga. App. 753 (5) (175 SE2d 119); *Wells v. State,* 126 Ga. App. 130, 134 (190 SE2d 106); cf. *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354); *Lay v. State,* 242 Ga. 225 (1) (248 SE2d 611); *Burger v. State,* 245 Ga. 458, 459 (265 SE2d 796). We find no error.

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED OCTOBER 14, 1982 —
REHEARING DENIED NOVEMBER 8, 1982 —

*M. Keith York,* for appellant.

*V. D. Stockton, District Attorney, Michael H. Crawford, Assistant District Attorney,* for appellee.