76410, 76411. LEEKS v. THE STATE.
76554, 76555. CALDWELL v. THE STATE.
(373 SE2d 777)

BEASLEY, Judge.
Co-defendants Leeks and Caldwell appeal the overruling of their

pleas of former jeopardy (Case No. 76410, 76555) and their convictions for armed robbery, (OCGA § 16-8-41), (Case Nos. 76411, 76554).[1]

Both defendants enumerate the same three asserted errors: overruling their pleas in bar; proceeding to trial after notices of appeal were filed from the overruling of the pleas in bar; failing to charge on theft by taking as a lesser included offense, as requested.

1. Because there was no written order overruling or denying the pleas of former jeopardy, the appeals from the oral pronouncement are dismissed. *Bishop v. State*, 176 Ga. App. 357, 358 (335 SE2d 742) (1985); OCGA § 5-6-34 (a).

2. It is unnecessary to reach the merits of the first two enumerations because of what finally transpired and its connection with the nature of defendants' foundational complaint. They contend that they were entitled to the jury first selected and that being deprived of it constituted a violation of OCGA §§ 15-12-165 and 15-12-166 and Fourteenth Amendment due process guarantees.[2] The jury which was first selected was the jury which was reselected and tried the cases, except for two members whose inclusion did not deprive defendants of the statutory or due process protections invoked.

Here is what happened. During juror selection, the State made a motion objecting that defendants, who are black, were striking prospective jurors solely because they were white, that such racially based action was "reversed *Batson* in its purest form," and that to strike a jury in that manner was against public policy and prejudicial not only to the State but to the potential jurors. See *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986). The constitutional reach of the principles upon which *Batson* is based has been drawn in question. See, e.g., *McGuire v. State*, 185 Ga. App. 233 (363 SE2d 850) (1987).

The trial court found the *Batson* objection premature and defendants' conduct not subject to a *Batson* objection, but that the actions of the defense in striking the white veniremen might have violated equal protection under the federal constitution. The court withheld a ruling on the State's motion to allow the State, at the conclusion of jury selection, to attack the defense conduct, not on the basis of *Batson* but on the ground that the conduct violated federally-

---

[1] The American Civil Liberties Union of Georgia, Inc., has filed an amicus curiae brief in Leeks' appeals, with respect to the former jeopardy issue. Rule 13.

[2] The Fifth Amendment due process provision is also invoked, but it relates to federal proceedings. See *Brock v. North Carolina*, 344 U. S. 424 (73 SC 349, 97 LE 456) (1953); *Nashville, Chattanooga & St. Louis R. v. Alabama*, 128 U. S. 96 (9 SC 28, 32 LE 352) (1888). The Georgia Constitution's double jeopardy provision is also mentioned but not pursued so is not considered as having been effectively raised. *Taylor v. State*, 177 Ga. App. 624, 628 (3) (340 SE2d 263) (1986).

prescribed equal protection.

Juror selection was completed but the jury was not sworn. The jury consisted of eleven blacks and one white. The State renewed its motion. The court held a hearing outside the jury's presence, in which it asked defense counsel to "articulate a neutral explanation" for striking each of the white veniremen.

The court found that defense counsel failed to articulate a neutral explanation. The court then, sua sponte, created a second jury by replacing the selected black jurors with the stricken white veniremen. Defendants objected on state and federal constitutional due process grounds. The court orally denied an immediate appeal and recessed the proceeding.

The following morning, the court rescinded its action and gave counsel another opportunity to select a jury from the same venire. A third jury comprised solely of black jurors was selected by the parties and sworn. Then defense counsel notified the court that they had filed pleas of former jeopardy on the basis that the first jury should have been sworn and therefore that jeopardy had attached, and that members of defendants' race were temporarily excluded from the second group. The court overruled the motions because the first group had not been sworn (see OCGA § 16-1-8 (a)); and the second group had been disbanded. Defense counsel then asked for permission to appeal from the ruling. The court refused on the ground that the pleas were moot, and the trial proceeded to conviction and judgment. Defendants filed notices of appeal from the double jeopardy rulings the same day, and appeals from the convictions several weeks later.

Ten of the twelve people originally selected were on the trial jury. On second thought, defendants chose to strike a black female who was a former deputy sheriff. The State struck, apparently because she was a former client of Leeks' attorney, the only white person who had been in the first group. In the stead of these two prospective jurors, two black people were chosen.

Since defendants were unimpeded in their exercise of peremptory challenges in selecting the jury which tried them, OCGA § 15-12-165 was complied with. They were free to strike all whites, they were free of any reverse notion arising from *Batson*, and they were free to be arbitrary and capricious if they wished. *Plummer v. State*, 229 Ga. 749 (194 SE2d 419) (1972); *Lewis v. United States*, 146 U. S. 370, 376 (13 SC 136, 36 LE 1101) (1892). If they were not, they raised no complaint about it, and the selection of an all-black jury demonstrates otherwise.

Nor was OCGA § 15-12-166 violated. But for the two, the very same jurors originally selected were sworn and served. As to the black ex-deputy sheriff, defendants struck her after reconsideration. As to the white former client of defendant Leeks' attorney, defendant did

not insist that she be permitted to serve and did not challenge the State's striking of her. After the jury was selected and sworn, defense counsel voiced no objection other than that they wished an immediate appeal of the disbanding of the first unsworn group and proceeding thereafter, as constituting double jeopardy.

Finally, constitutional due process in its aspects called into force by defendants here was not violated. Defendants were not deprived of the jury they selected, and they were not precluded from being tried by a jury from which members of their race were systematically excluded and in fact they obtained one made entirely of their race. As a matter of fact, by simply starting the selection process over again, from the very same venire and free of any constraint on the exercise of defendants' peremptory challenges, much less a racially-based one, yet subject to *Batson*'s constraints on the State, the trial court provided defendants with the opportunity for the very jury they claim entitlement to. Had the appeal from the overruling of the pleas gone forward, this opportunity would have been lost, for it would no doubt be difficult if not impossible to reassemble the same venire.

3. Defendants maintain that the trial court erred in failing to charge the jury on the lesser included offense of theft by taking. (OCGA § 16-8-2.)

The evidence is construed favorably toward the verdict. It showed that Caldwell and Leeks entered a convenience store, and while the store's owner was counting money and preparing a deposit slip, Caldwell held a screwdriver to the owner's throat and grabbed the money. The owner thought she could have been injured. Both Caldwell and Leeks ran out of the store. The police were called. Defendants were apprehended. A screwdriver and the cash taken from the store were recovered in and around the vehicle defendants were in when spotted by the police. The facts constituted armed robbery.

" ' "[I]t is never error for a trial court to refuse to charge on a lesser included offense even though requested in writing when the evidence does not reasonably raise the issue that the defendant may be only guilty of the lesser crime." [Cit.]' [Cit.]" *Green v. State*, 175 Ga. App. 92, 94 (4) (332 SE2d 385) (1985).

*Appeals dismissed in Case Nos. 76410 and 76555. Judgments affirmed in Case Nos. 76411 and 76554. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED SEPTEMBER 7, 1988 —
REHEARING DENIED OCTOBER 3, 1988 ▮

*Bentley C. Adams III*, for appellant (case nos. 76410, 76411).
*Virgil L. Brown*, for appellant (case nos. 76554, 76555).
*Johnnie L. Caldwell, Jr.*, District Attorney, *Eric D. Hearn*, As-

*sistant District Attorney*, for appellee.
    *Michael R. Hauptman, John A. Beall IV*, amici curiae.