## Sweeney *v.* Green, Appellant.

Argued October 25, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Richard A. Smith,* with him *Louis Wagner* and *Thomas J. Clary,* for appellant.

*Frank W. Melvin,* for appellee.

OPINION BY KELLER, J., February 1, 1935:

Plaintiff, a physician, was injured in a collision between his automobile and defendant's truck.

He testified on the trial, held before a judge of the municipal court without a jury, that he was not able to practice his profession, because of injuries received from the collision, for two weeks and three days, and that the earnings which he lost in consequence thereof amounted to three hundred dollars.

He was asked on cross-examination what patients he had been unable to attend during that period. The question was objected to on the ground that the information was privileged; that a doctor could not be

asked to name the patients he was attending at the time he sustained an injury; and the trial judge sustained the objection.

There is no such privilege. The Act of June 7, 1907, P. L. 462, only provides that a physician or surgeon shall not be allowed in any civil case to disclose any information acquired by him in attending a patient in a professional capacity, which shall tend to blacken the character of the patient, without the latter's consent. The fact that one has consulted a physician does not tend to blacken his character. It is the *communication* which is privileged, not the fact of employment. See 5 Wigmore on Evidence, 2d Ed., Sections 2380, 2384, 2386, 2389; Sargent v. Johns, 206 Pa. 386, 55 A. 1051; Beeson v. Beeson, 9 Pa. 279, 302; Phillips' Est., 295 Pa. 349.

The question was relevant and material. Its answer might throw some light on whether the plaintiff had been prevented from visiting patients whom he had been attending at the time of the accident with a consequent actual loss of $300, or that sum was merely an approximation of his loss based on a yearly average and without reference to the plaintiff's visiting list at the time of injury. It affected the question of the damages.

The assignment of error is sustained. The judgment is reversed and a new trial awarded.