## 44365. CRANFORD v. CRANFORD.

WHITMAN, Judge. This case arises out of a suit for divorce, alimony and child support. The parties were previously

before the Supreme Court on appeal by Peter G. Cranford, the defendant in the divorce action, and the judgment of the lower court granting divorce and alimony was affirmed as to the grant of divorce but reversed for new trial as to the award of alimony and child support. See *Cranford v. Cranford,* 223 Ga. 819 (158 SE2d 246).

The present appeal arises out of the new proceeding and was originally directed to the Supreme Court, but was transferred to this court. *Cranford v. Cranford,* 225 Ga. 60 (165 SE2d 847).

The order from which the appeal was taken and which is enumerated as error reads, in pertinent part, as follows: "The plaintiff having filed a notice to produce certain papers described therein and the defendant having failed and refused to comply with the notice to produce as ordered by the court; the refusal to produce having been made in open court, the defendant is in contempt of court. It is ordered that the Sheriff of Richmond County arrest the defendant, Peter G. Cranford, and confine him in the County Jail of Richmond County, Georgia, until he purges himself of contempt by complying with the order to produce certain documents, which is of record in this case."

Mr. Cranford is a licensed applied psychologist and is referred to in the record by the parties as a doctor. The notice to produce was acknowledged as complied with except as to defendant's check stubs for a portion of the year 1966, the year 1967 and a portion of the year 1968, the notice to produce, among other documents, seeking the production of "all of your 1966 and 1967 bank statements, checks and check stubs in every bank you have an account for the period from April, 1966, to and including the month of October, 1968." The notice to produce, among other documents, also sought the production of "all office receipt books, ledgers and other records which show any or all collections you have made during 1967 and 1968, to date, in your business." Counsel for appellant stated, in substance, on the hearing that the check stubs had listed thereon as 'deposits payments made by patients, respectively, with each patient's name in relation thereto. Counsel for appellant also stated on the hearing that he would assume the notice to produce in seeking office receipt books, ledgers and other records meant and included a daily appointment book, although it was not

named as such. It was contended by appellant that the check stubs and so-called daily appointment book were confidential and privileged under *Code Ann.* § 84-3118, hereinafter referred to. The trial court nevertheless ordered the items produced. Mr. Cranford refused and the contempt order was entered. *Held*:

1. The relevant statute provides that: "[T]he *confidential* relations and communications between licensed applied psychologist and *client* are placed upon the same basis as those provided by law between attorney and client, and nothing in the chapter shall be construed to require any such *privileged communication* to be disclosed." *Code Ann.* § 84-3118 (Ga. L. 1951, pp. 408, 416). (Emphasis supplied.) It is to be noted that the relationship is that between psychologist and client. It is also to be noted that *communication* is that which is privileged.

With regard to the privilege which exists between attorney and client, the following statutes have been called to our attention:

"There are certain admissions and communications excluded from considerations of public policy. Among these are. . . Communications . . . between attorney or counsel and client." *Code Ann.* § 38-418.

"Communications to any attorney, or his clerk, to be transmitted to the attorney pending his employment, or in anticipation thereof, shall never be heard by the court. So the attorney shall not disclose the advice or counsel he may give to his client, nor produce or deliver up title deeds or other papers, except evidences of debt left in his possession by his client. This rule shall not exclude the attorney as a witness to any facts which may transpire in connection with his employment." *Code* § 38-419.

"No attorney shall be competent or compellable to testify, for or against his client, to any matter or thing, knowledge of which he may have acquired from his client, by virtue of his relations as attorney, or by reason of the anticipated employment of him as attorney, but shall be both competent and compellable to testify, for or against his client, as to any matter or thing, knowledge of which he may have acquired in any other manner." *Code* § 38-1605.

2. The legal efficacy and sufficiency of the notice to produce in this case is not before us; it was not questioned in the court below. The appellant's contention on this appeal is that the

law affords protection against the revelation of certain communications between psychologist and patient, but goes even further and protects the fact of the relationship (i.e., the fact of employment) as confidential. The appellant argues that there may be some stigma accorded by the social world and business world to those who consult a psychologist.

The names of clients or so-called patients of appellant and payments made by them to him relate alone to the fact of employment, and names in a daily appointment book or equivalent record are interpretive of deposits by patients shown on the check stubs.

If the appellant's contention that the fact of employment is protected is to be determined by reference to the law applicable to the attorney-client relationship, as the statute directs, then it is without merit. The mere fact of employment is not protected from disclosure. *Smith v. Smith,* 222 Ga. 694, 698 (152 SE2d 560); *Fowler v. Sheridan,* 157 Ga. 271, 275 (121 SE 308); 97 CJS 802, Witnesses, § 283 (e). See also Goddard v. United States, 131 F2d 220 (CCA 5th).

Even were we not confined to attorney-client law in making the determination, we think the same result would obtain. It is generally said that the fact of employment is not within the physician-patient privilege. 97 CJS 835, Witnesses § 295 (c); DeWitt, Privileged Communications between Physician and Patient, § 47, p. 146. For physician-patient privilege cases holding, under particular statutes affording the privilege, that the fact of employment is not within the privilege, where the physician as a party sought to invoke the privilege to exclude his office records from evidence, see Mott v. Consumers' Ice Co., 2 Abb. New Cases (NY) 143 (1877); Snyker v. Snyker, 245 Minn. 405 (72 NW2d 357); Sweeney v. Green, 116 Pa. Super. 190 (176 A 849); and citations. Contra, Schechet v. Kesten, 372 Mich. 346 (126 NW2d 718).

3. There has been no contention made in this case that the items ordered produced contained any privileged information other than what we have already discussed relating to the fact of employment. It does not appear that the documents required to be produced contained any communication or information as to advice or treatment, if any, given by appellant to his patients or clients which would be privileged.

The notice to produce in this case was evidently given pursuant to *Code Ann.* § 38-801 (g), relating, as it did, to production

on the hearing on the claim for alimony and child support, with enforcement, if need be, by attachment for contempt under sublettered paragraph (f) of said Code section, as was done in this case. The notice to produce was not by way of subpoena under sublettered paragraph (b) of said Code section, nor was it a motion pursuant to *Code Ann.* § 81A-134 relating to production of documents for inspecting and copying, etc. The notice to produce was by sublettered paragraph (f) subject to written motion to quash or modify. as provided in sublettered paragraph (b) of said Code section, and if a motion had been made pursuant to *Code Ann.* § 81A-134, it would· thereby have been subject to a protective order as provided in *Code Ann.* § 81A-130 (b). Thus where any document sought to be produced contains a mixture of privileged and nonprivileged communication or information, ample remedy is provided to delete privileged matter, and this also, in our view, would be within the inherent power of the court. In this connection see Snyker v. Snyker, 245 Minn. 405, supra.

4. Appellant contends by enumerations of error numbers five, six and ten that the trial court by requiring him to respond to the notice to produce with respect to the documents in question, ordered him, in effect, to commit a crime. It is insisted that to have complied with *Code Ann.*. § 84-3118 would have been a ·violation of *Code Ann.* § 84-9955, relating to "Violation of Chapter 34-31, Licensed Applied Psychologists," which provides: "Any person who violates any of the provisions of Chapter 84-31 shall be guilty of a misdemeanor," etc. In our view, and we so hold, § 84-9955 has no relation to § 84-3118, which deals only with "the confidential relations and communications between licensed applied psychologist and client." *Code Ann.* § 84-9955 has reference only to *Code Ann.* §§ 84-3106, 84-3107 and 84-3119, which deal with the practice of applied psychology *without a license.* Moreover, it is significant that the codifiers of the Code only cite § 84-9955 as a cross reference to the *license* sections of the Act of 1951 from which those Code sections are derived.

By *Code Ann.* § 84-3118 the confidential relations and communications between licensed applied psychologist and client are placed upon the same basis as those provided by law between attorney and client. There are no statutory criminal penalties visited upon an attorney who in violation of his

475

ethical relation to his client divulges a confidential communication.

The enumerations of error set forth in enumerations five, six and ten are without merit.

Judgment affirmed. *Jordan, P. J., and Hall, J., concur.*

ARGUED APRIL 8, 1969—DECIDED SEPTEMBER 30, 1969—REHEARING DENIED OCTOBER 16, 1969—

*W. T. Mobley, Albert M. Horn,* for appellant.

*McGahee, Plunkett & Benning, Paul K. Plunkett,* for appellee.