## 70586. GILMORE v. THE STATE.
### (333 SE2d 210)

BIRDSONG, Presiding Judge.

Joseph M. Gilmore was indicted for unspecified (by the record

before this court) offenses in violation of the Georgia Controlled Substances Act. Unknown to Gilmore, the grand jury issued subpoenas to six physicians and an osteopath for the production of records pertaining to Gilmore, apparently to obtain information from these doctors to show that Gilmore had received by prescription an inordinate amount of drugs. When the case came on for trial, Gilmore moved the trial court to suppress the evidence obtained from the physicians as being a violation of the doctor-patient privilege. The trial court held hearing and after considering evidence and arguments of counsel, denied the motion to suppress. Gilmore moved this court successfully for the grant of an interlocutory appeal to consider the propriety of the trial court's ruling denying the motion. Because of the novelty of the issue and the paucity of authority in this state, we granted the motion to consider and clarify the propriety of the evidence before the grand jury and a petit jury. *Held*:

Gilmore cites to this court one Georgia case and numerous out-of-state decisions that seem to support his argument that a doctor cannot give evidence involving one of his patients without the consent of the patient. The decision of this state cited by Gilmore is *Bryson v. Aven*, 32 Ga. App. 721 (124 SE 553). However, though that case uses words that say "[t]he relation of patient and physician is a confidential one," it is clear that what is contemplated in the case is that because of the position of trust between the physician and his patient, the physician is under a higher obligation than normal to reveal to the patient things that ultimately may be injurious to the patient because of the treatment afforded the patient by the physician. In the absence of such disclosure, the case concludes the failure amounts to fraud and tolls the running of the statute of limitations until the discovery by the patient of the condition.

On the other hand, this court early has discussed the nature of the doctor-patient relationship within the context of privileged communications. *Elliott v. Ga. Power Co.*, 58 Ga. App. 151, 154 (197 SE 914). Ga. Code Ann. § 38-418 (the predecessor to current OCGA § 24-9-21) provided that certain admissions and communications are excluded on grounds of public policy. These by inclusion were limited to communications between husband and wife, attorney and client, communications between grand jurors, secrets of state, and between psychiatrist and patient. In *Elliott*, supra, p. 154, this court held that it was not error to require a doctor to answer concerning certain treatment afforded a patient. It was stated "[c]onfidential communications excluded from testimony by the Code § 38-418, do not include those made by a patient to his physician."

Gilmore argues however that under a more recent statute (OCGA § 24-9-40) a physician licensed in this state cannot be required to release medical information concerning a patient. As pointed out in its

order denying the motion to suppress, the trial court recognized this last statute is in reality a physician "shield" statute. The statute authorizes a grand jury or other judicial user to obtain medical records by court order or subpoena. When in answer to such order the doctor releases information, the physician is granted immunity from adverse action by the patient. The last part of the statute (OCGA § 24-9-40) exempts from the duty to disclose communications between a psychiatrist and his/her patient. However, this does not extend to other medical doctors as opposed to psychiatrists. The exception finds its genesis in OCGA § 24-9-21 (5) which expressly make nondiscoverable on grounds of public policy the statements made by a patient to a psychiatrist.

The position in Georgia relative to doctor-patient relationship is consistent with the lack of such privilege in the common law. Wigmore in his treatise on evidence recognized no privilege between doctor and patient. 8 Wigmore, Evid. (3d ed. 1940), 802. Some states have weighed the "need to know" by the doctor in order to be better equipped to treat his patient against the search for truth involved in all trials. Usually where the legislature has created a confidential relationship, it has been in recognition of the doctor's paramount need at the expense of the public's right to know. Georgia, through its legislature, has not elected to join the states that recognize a public policy seal to maintain secrecy in the doctor-client communication area. See *Lipsey v. State*, 170 Ga. App. 770 (318 SE2d 184).

While not binding though persuasively presented, a federal district court in 1957 (*Collins v. Howard*, 156 FSupp. 322, 324) in Savannah held that there is no confidential relationship in Georgia between doctor and patient inasmuch as the common law applies in areas of silence.

A correlation of OCGA §§ 24-9-21 (5) and 24-9-40 reflects that the physician shield law applies to physicians generally but requires physicians to release information upon proper order whereas the confidentiality of communications to psychiatrists is protected by public policy and such communications are expressly excepted from the shield statute because disclosure is not permitted. Apparently this distinction occurs because most psychiatric analysis and treatment must come from the mind of the patient whereas much information useful to a physician in treating a patient comes from empirical data. This distinction has expressly been recognized and adopted by this court in *Barnes v. State*, 171 Ga. App. 478, 482 (3) (320 SE2d 597) where it was stated: "The privilege asserted by appellant pertains only to the relationship between an accused and his or her psychiatrist or psychologist, and not to that between the accused and a family practitioner . . . or a physician in any specialty other than psychiatry."

In consideration of the above, we discern no error in the denial of the motion to suppress the evidence submitted by the several physicians to the grand jurors nor to its otherwise possible admissibility in a trial upon the merits over an objection to a breach of confidentiality.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED JULY 9, 1985.

*William D. Smith*, for appellant.

*Lewis R. Slaton, District Attorney, H. Allen Moye, Joseph J. Drolet, Assistant District Attorneys*, for appellee.