### 77877. NATIONAL STOP SMOKING CLINIC-ATLANTA, INC. v. DEAN et al.
(378 SE2d 901)

SOGNIER, Judge.

Jerry and Kathryn Dean brought ·suit against National Stop Smoking Clinic-Atlanta, Inc. (the Clinic) and three other defendants, alleging medical malpractice and fraud in connection with Jerry Dean's treatment at the Clinic. We granted the Clinic's application for interlocutory appeal from the trial court's order compelling the Clinic to produce the names and addresses of all persons who have received the Clinic's stop smoking treatment.

Appellant does not contend the discovery order is unduly burdensome or that it requires the production of irrelevant evidence, but instead challenges the trial court's order on the ground that it improperly requires appellant to abrogate its duty of confidentiality to its patients. The record reveals that appellant offers a medical program, administered by a licensed physician, designed to reduce or eliminate its patients' desires to smoke. Appellant argues that because it provides only this one type of medical treatment, disclosure of its patients' identities is tantamount to disclosure of "medical information" in violation of OCGA § 24-9-40.

Contrary to appellant's assumptions, in Georgia there is no evidentiary privilege for physician-patient communications, *Orr v. Sievert*, 162 Ga. App. 677, 678 (292 SE2d 548) (1982); *Gilmore v. State*, 175 Ga. App. 376, 377-378 (333 SE2d 210) (1985), although this court has recognized that "because of the Hippocratic Oath taken by all doctors, a doctor is not required to release information concerning a patient unless required to do so by subpoena or other appropriate court order." *Orr*, supra at 678; see OCGA § 24-9-40. Consequently, appellant cannot claim physician-patient privilege as a bar to disclosure once a court requires the information to be produced.

However, even in circumstances where communications *are* privileged, such as within the psychiatrist-patient relationship, see OCGA § 24-9-21 (5), evidence showing the *fact* of employment of or treatment by a psychiatrist is not privileged. *Cranford v. Cranford*, 120 Ga. App. 470, 472-473 (1, 2) (170 SE2d 844) (1969). Thus, in *Cranford* we affirmed a lower court order compelling disclosure of a licensed psychologist's deposit stubs and daily appointment books even though his clients' identities would thereby be revealed. Appellant's argument that disclosure of its patients' names constitutes improper

revelation of medical information because appellant only provides one type of treatment is without merit in view of our decisions that the privilege accorded psychiatrists and psychologists, who presumably also offer only one kind of medical treatment, does not extend to their patients' identities.

Nor do we agree with appellant that OCGA § 24-9-40 bars disclosure of the information sought by appellees. The statute provides in part that "no hospital or health care facility . . . shall be required to release any medical information concerning a patient except . . . on appropriate court order or subpoena," and provides further that any facility which releases information pursuant to such an order "shall not be liable to the patient or any other person." This statute "is in reality a physician 'shield' statute," *Gilmore*, supra at 378, not a codification of a physician-patient privilege, and "requires physicians to release information upon proper order." Id. Assuming, without deciding, that appellant is a "health care facility," nevertheless the trial court was authorized to order disclosure of any relevant, nonprivileged information, OCGA § 9-11-26 (b) (1), and as the information sought by appellees was not privileged we find no reversible error in the trial court's decision.

*Judgment affirmed. Carley, C. J., McMurray, P. J., Birdsong, Pope, and Beasley, JJ., concur. Deen, P. J., Banke, P. J., and Benham, J., dissent.*

DEEN, Presiding Judge, dissenting.

In *Cranford v. Cranford*, 120 Ga. App. 470 (170 SE2d 844) (1969), this court held that the mere fact of employment was not within any psychologist-patient privilege. However, the facts in *Cranford*, as well as the need and motivation for disclosure, are so different from the instant case that *Cranford* need not be followed here.

*Cranford* involved a suit for divorce, alimony and child support, and the plaintiff sought discovery of the defendant psychologist's appointment books, apparently because such would reflect on the defendant's financial ability to pay alimony and child support. The plaintiffs' motivation in the instant case, however, is to contact other patients of the defendant to inquire about their treatment and results. In short, in *Cranford* and the cases it relies upon, the fact of employment was really incidental to the subject being pursued, whereas the fact of employment is *the* matter pursued by the plaintiffs in the instant case. In *Cranford*, disclosure of the fact of employment resulted in no further intrusion into the lives of the patients.

*Cranford* relies upon *Fowler v. Sheridan*, 157 Ga. 271, 275 (121 SE 308) (1923), dealing with the analogous attorney-client privilege, which held that " '[t]he rule making communications between attor-

ney and client privileged from disclosure does not ordinarily apply where the inquiry is confined to the fact of the attorney's employment and the name of the person employing him.' " In the instant case, the inquiry certainly was not confined to the mere fact of employment, but sought the addresses of the patients so that they could be contacted.

I do not believe *Cranford* provides an adequate basis for breaching the confidentiality between the appellant and its other patients, and sanctioning an intrusion into the lives of those other patients. The appellant's informational brochure provides that "[i]t's not your fault that you can't quit smoking. Millions of Americans have tried to, without success. Your body becomes physically addicted to the nicotine in cigarettes. Your mind has formed habits from years of lighting up. The habitual part of smoking is hard to stop; the physical addiction is often impossible to end." While disagreeing with the appellant's allegorical articulation and attitude of what constitutes an addiction — compare alleged alcoholic addictions and disease in *Dan River, Inc. v. Shinall*, 186 Ga. App. 572 (367 SE2d 846) (1988), on the one hand, and one's use, or lack of use, of free will in elimination or control of one's habit, on the other — I do not doubt that many, if not most all, of the appellant's patients would prefer that their addiction and/or habit and treatment not be a matter of public knowledge. If the plaintiffs hope to ferret out other dissatisfied patients, there are other means to do so. Accordingly, I must respectfully dissent.

I am authorized to state that Presiding Judge Banke and Judge Benham join in this dissent.

DECIDED FEBRUARY 13, 1989.

*William W. Gardner*, for appellant.
*Carr, Tabb & Pope, David H. Pope*, for appellees.