## A90A0549. FREEMAN v. THE STATE.
### (396 SE2d 69)

DEEN, Presiding Judge.

Defendant appeals his convictions for rape, OCGA § 16-6-1; aggravated sodomy, OCGA § 16-6-2; and false imprisonment, OCGA § 16-5-41.

1. A psychiatrist, called as a witness by defendant, testified that the victim had been his patient for four years and that he had performed certain evaluations of her. In response to a question as to the results, he testified: "I found at that time the patient to be suffering some major psychiatric disorders." The State objected on the basis of the patient-psychiatrist privilege. It was established out of the jury's presence, that contrary to defendant's assertions, the victim had not waived and did not waive her reliance on the privilege. Objection was sustained.

As a matter of public policy Georgia excludes communications between psychiatrist and patient. OCGA § 24-9-21 (5). This privilege is absolute (*Atlantic C. L. R. Co. v. Daugherty*, 111 Ga. App. 144, 149 (1) (141 SE2d 112) (1965)), although it may be waived. *McCord v.*

*McCord*, 140 Ga. 170 (2) (78 SE 833) (1913). The requisite confidential relationship existed. *Kimble v. Kimble*, 240 Ga. 100, 101 (1) (239 SE2d 676) (1977). Without a waiver, there was no basis for the admission of testimony about communications between psychiatrist and patient. *Gilmore v. State*, 175 Ga. App. 376, 378 (333 SE2d 210) (1985); *Wilson v. Bonner*, 166 Ga. App. 9, 17 (5) (303 SE2d 134) (1983).

While the general rule is correctly stated in *Stephen W. Brown &c. Assoc. v. Gowers*, 157 Ga. App. 770, 781 (278 SE2d 653) (1981), the latter case was affirmed, as "none of this testimony appears to be relevant and material to the issues so as to show the defendants were harmed when the court refused to allow their counsel to show what he expected to prove by further cross examination." Id. at 782. The trial judge in the instant case refused to permit the psychiatrist to testify as to the patient's mental illness without a written waiver or without oral testimony under oath that the patient waived the claim to confidential communication. The trial judge on two occasions inquired if the psychiatrist could testify as to anything other than mental illness. No proffer to the court of any specific testimony on any other matter was made. The error, if any, is harmless as the evidence was overwhelming as to the abduction, gang rape, and sodomizing by several males at gunpoint.

2. Certain photographs were identified by the investigating officer as being accurate representations of the scene and objects at the scene where the criminal acts occurred. Thus, they were admissible and not subject to the objection raised by defendant. "The quantum of evidence required to sufficiently identify photographs as true and accurate representations of what they purport to depict is a matter to be left within the discretion of the trial court." *Johnston v. State*, 232 Ga. 268, 270 (1) (206 SE2d 468) (1974). Accord *Williams v. State*, 174 Ga. App. 56, 57 (2) (329 SE2d 226) (1985).

We must affirm the convictions for rape, aggravated sodomy, and false imprisonment.

*Judgment affirmed. McMurray, P. J., Banke, P. J., Birdsong, Sognier, Pope and Cooper, JJ., concur. Carley, C. J., and Beasley, J., concur in part and dissent in part.*

BEASLEY, Judge, concurring in part and dissenting in part.

I respectfully dissent with respect to Division 1 but concur in Division 2.

Insofar as defendant sought to introduce evidence via the psychiatrist which did not involve privileged communications, such as the extent of her treatment for drug addiction, the effect of crack on a person and on his perception or memory, or the effect of the drug she admittedly had taken before testifying, the trial court erred by not permitting defendant to make proffer of that testimony, as requested.

It refused to allow defendant to make the proffer offered at the conclusion of the argument on the State's objection to the psychiatrist's testifying at all without a waiver of the privilege:

"[Defendant's counsel]: We'd like to make a proffer for the Court of Appeals. I understand the jury won't hear it, but we'd like to take it up on appeal. The Court: I don't see any sense in going into all that. We're trying to get a case tried here."

"[W]here offer of proof is necessary it is error for the trial court to refuse an opportunity to counsel to state what he proposes to prove by the evidence offered." *Stephen W. Brown &c. Assoc. v. Gowers*, 157 Ga. App. 770, 781 (6) (278 SE2d 653) (1981).

The judgment of conviction should be reversed and the case remanded in order that defendant be permitted to make an offer of proof. If only psychiatrist-patient communications were involved then the verdict would stand and a new judgment could be entered thereon, but if evidence outside of privileged communications was sought and excluded, then a new trial would have to be granted because the exclusion hampered the establishment of Freeman's defense. In the former event, and after a conviction in the latter event, a new appeal would lie.

I am authorized to state that Chief Judge Carley joins in this opinion.

DECIDED JULY 12, 1990.

*Richard D. Wilson*, for appellant.

*Robert E. Keller, District Attorney, Todd E. Naugle, Assistant District Attorney*, for appellee.