## A92A1044. MROZINSKI v. POGUE.

(423 SE2d 405)

BIRDSONG, Presiding Judge.

Anthony Mrozinski appeals from the grant of summary judgment to defendant Robert H. Pogue in Mrozinski's suit for wrongful disclosure of privileged information and breach of confidential relations. Dr. Pogue, as attending psychiatrist, treated Mrozinski's 14-year-old daughter for drug addiction and other mental health problems while she was a patient at Ridgeview Institute in Cobb County. The child's drug use began while she was in the custody of her mother. Legal custody of the child was placed in Mrozinski; she moved to Atlanta to live with him and to receive psychiatric treatment. In August 1987, Mrozinski admitted his daughter to Ridgeview Institute and, with her, he participated in therapy with Dr. Pogue. Mrozinski contends Pogue gave privileged information to the attorney of his former wife for use in a custody suit. Pogue contends he gave this information to the child's mother's attorney at the request of the child. There was no legal proceeding authorizing disclosure of the information. The information given to Mrozinski's former wife's attorney consisted of the "Discharge Summary" prepared for Ridgeview Institute by the attending psychiatrist (Pogue) and an affidavit given by Dr. Pogue. The discharge summary and the affidavit described Mrozinski's conduct and reactions during family therapy, contained Pogue's observations and conclusions as to the interaction between Mrozinski and his daughter during family therapy, and expressed negative criticism of the father's conduct and reactions during therapy. In his affidavit Pogue recommended that custody of the child be returned to the mother.

The discharge summary was prominently stamped "Confidential — Do Not Redisclose." Mrozinski dismissed his suit against Ridgeview Institute. At the hearing on Pogue's motion for summary judgment, Pogue contended that the 14-year-old child was the only patient; that Mrozinski was not his patient; that Mrozinski attended family therapy only for the benefit of the child and to facilitate her recovery. Pogue contends that no privilege existed between himself and Mrozinski and that the only privilege belonged to the child. Secondly, Pogue contends Mrozinski does not have standing to complain of disclosure of psychiatric records of his daughter because the child requested that Pogue give an affidavit and her hospital record to her mother's attorney, and the child later, upon reaching the age of majority, executed a release of the records. *Held*:

1. On motion for summary judgment the burden is on the movant to establish the lack of a genuine issue of material fact and the right to judgment as a matter of law (OCGA § 9-11-56 (c)); any doubt as to the existence of an issue is resolved against the movant and the re-

spondent is given the benefit of all doubts and favorable inferences that may be drawn from the evidence. *Holland v. Sanfax Corp.*, 106 Ga. App. 1, 4-5 (126 SE2d 442); and see *Thacker v. Matthews Tuxedo*, 183 Ga. App. 474, 475 (359 SE2d 231). The court does not resolve issues of fact, but merely determines whether there is an issue of fact. *Shankweiler v. McCall &c. Ltd.*, 183 Ga. App. 257, 258 (358 SE2d 657). Construing the evidence according to these rules, we find issues of fact exist whether Mrozinski was a patient of Dr. Pogue.

"Before the psychiatrist-patient communications privilege established by [OCGA § 24-9-40] may be invoked, the requisite relationship of psychiatrist and patient must have existed, *to the extent that treatment was given or contemplated.*" (Emphasis supplied.) *Massey v. State*, 226 Ga. 703, 704 (4) (177 SE2d 79); see *Fulbright v. State*, 194 Ga. App. 827 (392 SE2d 298). The evidence, construed most favorably to Mrozinski, shows he consulted Pogue for treatment and assistance for himself in his family relations, particularly with his daughter. He sought assurance from Pogue that the therapy sessions would be confidential and he relied on these assurances by joining in the therapy with his daughter, and in reliance on those assurances he communicated freely with Pogue.

Pogue in his affidavit asserts that Mrozinski was not his patient. However, this is an assertion of a conclusion of law or of the ultimate fact to be decided, and it does not entitle Pogue to summary judgment. *Resolute Ins. Co. v. Norbo Trading Corp.*, 118 Ga. App. 737 (165 SE2d 441). Pogue also relies heavily on Mrozinski's testimony that treatment and recovery of his daughter were his first priority. However, the very use of the word "priority" gives rise to the inference there were other objectives in Mrozinski's participation in family therapy. In the affidavit which is the subject of this suit, Dr. Pogue stated: "It would be my recommendation that the father *continue* in the therapy process himself and begin to focus on his issues separate from [his daughter]." (Emphasis supplied.) This statement, with all inferences drawn in favor of Mrozinski, indicates that some therapy was begun as to Mrozinski during these sessions. The fact that Mrozinski was charged an additional fee when he participated in family therapy with his daughter is not controlling on the issue whether Mrozinski was a patient, but it may be considered by the jury. This is not a case such as *Fulbright*, supra, and *Rachals v. State*, 184 Ga. App. 420 (361 SE2d 671), for it cannot be said from the evidence in this case that no treatment was sought or contemplated by Mrozinski for himself.

Appellee contends that the Supreme Court in *Kimble v. Kimble*, 240 Ga. 100, 101 (239 SE2d 676) announced a new precise rule, to wit, that the psychiatrist-patient relationship exists only where the patient "went to the psychiatrist on [his] own volition for the purpose of

gaining professional psychiatric assistance." Appellee's assertion is incorrect. *Kimble* did not state what was *necessary* but what was *sufficient* to form the privileged relationship in that case. It may be irrelevant whether a patient sought out a psychiatrist "on [his] own volition"; and a patient who did not originally seek psychiatric treatment for himself may nevertheless end up contemplating or being given assistance by the psychiatrist. The standard established in *Massey*, supra, is the test: the relation exists "to the extent that treatment was given or contemplated."

Appellee contends that any communication to Pogue from Mrozinski lost its privileged status where Pogue treated Mrozinski and his daughter jointly. The trial court seemed to be of the opinion that the privilege is waived by patients being treated jointly, and appellee likens the situation to clients being jointly represented by one attorney. We cannot accept these arguments. A waiver in a joint legal representation is really a waiver of the attorney's conflict of interest as to clients with antagonistic legal interests, and those clients' confidences are not generally waived as to third persons anyway. That situation cannot be likened to a psychiatrist's joint treatment of family members for their mutual benefit or for the primary benefit of one of them. The psychiatrist-patient privilege is not diminished by the fact that the patient sought or contemplated treatment jointly with other persons, or primarily for the benefit of another person who is in treatment by the same psychiatrist. The object of the privilege is to encourage the full trust of the patient so as to persuade him to reveal his innermost feelings and private acts so that the psychiatrist may give the most effective treatment. Perhaps nowhere is the patient more reluctant to reveal his true feelings and thoughts than in family therapy; for that very reason the viability of the privilege is essential. The privilege may be particularly important where the psychiatrist, in treating one person and knowing of another's deep concern for that person, encourages him to participate in therapy with the original patient. The strongest public policy considerations militate against allowing a psychiatrist to encourage a person to participate in joint therapy, to obtain his trust and extract all his confidences and place him in the most vulnerable position, and then abandon him on the trash heap of lost privilege. Legal remedies exist to allow the psychiatrist to properly divulge information where he or she believes a patient is in danger from another patient, so any such perceived danger is not sufficient reason to say the privilege evaporates merely because of a person's participation in joint therapy.

We find no waiver of privilege by Mrozinski's participation as a patient, if he was one, and we find clear issues of material fact exist as to whether Mrozinski was given or contemplated psychiatric assistance by Pogue.

2. Appellee contends that no privileged information was disclosed because he did not reveal any statements made by Mrozinski, and that the "communications" (OCGA § 24-9-21 (5)) protected by the privilege do not include observations, opinions and conclusions of the psychiatrist. *Plummer v. State*, 229 Ga. 749, 750 (194 SE2d 419) does not control this question because that doctor's conclusions were excluded by court order. OCGA § 24-9-21 (5) makes privileged not only "communications" but also "admissions." What is protected is not merely words spoken, but " 'disclosures made in confidence.' " See *Annandale at Suwanee v. Weatherly*, 194 Ga. App. 803, 804 (392 SE2d 27). Since the legislature has not been more specific as to what constitutes an "admission" or "communication," we are reluctant to say anything which would allow a psychiatrist to reveal indirectly what he may not reveal directly, or to reveal a communication by couching it as an inference, evaluation, observation or conclusion. In *Freeman v. State*, 196 Ga. App. 343, 344 (396 SE2d 69), the defendant's psychiatrist testified he found the defendant to be suffering from major psychiatric disorders. It was established that the defendant had not waived his privilege. The trial judge "refused to permit the psychiatrist to testify *as to the patient's mental illness* without a written waiver or without oral testimony under oath that the patient waived the claim to confidential communication." (Emphasis supplied.) The trial court's instinct was that the patient had a privilege even in the doctor's conclusion that the patient had psychiatric disorders. We were unable to say that instinct was wrong and will not say so now. "[I]nformation [which] *originated* as communications from [the patient]" may be privileged. (Emphasis supplied.) *Johnson v. State*, 254 Ga. 591, 597 (331 SE2d 578). See also *Cranford v. Cranford*, 120 Ga. App. 470, 473 (3) (170 SE2d 844). We note that the legislature's pronouncements in OCGA §§ 37-3-166 (a) and 37-7-166 (a) as to disclosure of clinical records of persons receiving hospital treatment for mental illness and substance abuse are that "[a] clinical record for each patient shall be maintained . . . *and no part of it shall be released.*" (Emphasis supplied.) Even when clinical records are properly disclosed pursuant to these Code sections, such authorization shall not permit disclosure of "matters privileged under the laws of this state." OCGA §§ 37-3-166 (a) (8); 37-7-166 (a) (7). We conclude that Georgia law has an exceedingly strict view as to what are privileged "communications." Whether appellee Pogue has breached the confidential relation and disclosed privileged information as to Mrozinski is a question for the jury. A mixed question of law and fact is ordinarily one for the jury and should not be determined by the court as a matter of law except in plain and palpable cases. See *Trulove v. Trulove*, 233 Ga. 896, 898 (213 SE2d 868). ·

3. Appellee contends appellant has no standing to sue for unau-

thorized release of his minor daughter's mental health treatment records. Appellee released the hospital discharge summary and his own affidavit to Mrozinski's former wife's attorney for use in custody litigation, at the verbal, not written, request of Mrozinski's daughter.

OCGA § 24-9-40, as amended, provides "any physician, hospital, or health care facility releasing information under written authorization or other waiver by the patient, or by his or her parents or guardian ad litem in the case of a minor . . . shall not be liable to the patient or any other person. . . . This Code section shall not apply to psychiatrists." The release of such information by a psychiatrist is governed by other laws, as follows.

OCGA § 37-3-166 provides for maintenance, confidentiality and release of clinical records as to persons treated in hospitals for mental illness. Subparagraph (a) provides: "A clinical record for each patient shall be maintained . . . and *no part of it shall be released* except . . . (5) The record shall be released to *the patient's* attorney if the attorney so requests and the patient consents to the release." (Emphasis supplied.) According to this statute, without regard to the nature of the material contained therein, *no part* of clinical records shall be released. Therefore, *all* of the clinical records of Mrozinski's daughter are protected from disclosure. This includes the attending psychiatrist's affidavit based on those clinical records. This statute does not require the patient's consent to be in writing and this patient's consent was not in writing; however, the exception permits such release only to the "patient's attorney." The clinical records and the attending psychiatrist's (Pogue's) affidavit were revealed not to the "patient's attorney," but to the attorney of the patient's mother. This contravenes the absolute prohibition generally established by the statute on disclosure of these records.

OCGA § 37-7-166 establishes similar prohibitions on disclosure of clinical records of patients receiving treatment in hospitals for substance abuse. Subparagraph (a) provides: "A clinical record for each patient shall be maintained . . . and no part of it shall be released except . . . (1) A copy of the record may be released to any person or entity designated *in writing* by the patient or, *if appropriate*, by his parent or guardian." (Emphasis supplied.) Under this statute, Mrozinski's daughter's clinical records could have been released to her mother's attorney, but only if such a designation was made *in writing* by the patient or, since she was a minor, by her mother. This statute would allow a non-custodial parent to obtain clinical records "if appropriate," which avoids the problem perceived by appellee and the trial court that a custodial parent could conceal his or her own bad conduct towards the child by preventing disclosure of clinical records to the other parent. The disclosure of clinical records to the patient's mother's attorney was not authorized in writing by the pa-

tient and was not authorized by her mother or father, and was therefore unauthorized under OCGA § 37-7-166 (a) (1).

Subparagraph (a) (4) of § 37-7-166 would have authorized disclosure of the clinical records and the attending psychiatrist's affidavit to the *patient's* attorney if the patient consented to the release. The patient consented to this release, but the release was not made to the patient's attorney; it was made to her mother's attorney. Disclosure of this material was therefore unauthorized under § 37-7-166 (a) (4). The release of clinical records and the attending physician's affidavit based thereon were therefore unauthorized.

Appellee contends the disclosure was authorized because the child was 14 years old and was allowed by OCGA § 19-9-3 to choose the parent with whom she wished to live. However, this is no more than an assertion that the particular reason the child consented to the release should control whether the release was authorized. This assertion is not supported by the statutory structure and is without merit.

Appellee contends that in any case Mrozinski may not recover for unauthorized release of these records when the child was 14 because later, as an adult, she approved the release after the fact. Appellee likens this situation to contracts entered by minors which are merely voidable but not void, and he says the minority of an individual does not in and of itself prohibit that individual from entering a contract. See *Buffington v. State Auto. Mut. Ins. Co.*, 192 Ga. App. 389 (384 SE2d 873); see generally OCGA §§ 13-3-20 through 13-3-23. However, these are not analogous situations. In the case of clinical records and privileged information, the harm sought to be prevented by the strict requirements as to disclosure is, in the case of minor children, an immediate harm which cannot be remedied by an authorization after the fact. A rule permitting unauthorized disclosure of such material so long as the minor child later approves the release is not one of the exceptions named in OCGA §§ 37-3-166 and 37-7-166. Such a rule would denude the public policy against such disclosure of clinical records and privileged material, and would operate to place undue pressure on child mental health patients while they are being treated and on all mental health patients long after their right to be protected from unauthorized disclosure of privileged material was violated.

Accordingly, we conclude that as parent of the minor child, appellee Mrozinski has standing to file suit for unauthorized disclosure of his daughter's clinical records in violation of §§ 37-3-166 and 37-7-166.

4. Mrozinski has standing to complain of the unauthorized release of material made privileged by OCGA § 24-9-21 (5) as to his minor daughter, at least for the reason that such release was not authorized by one of the child's parents. See OCGA § 24-9-40 which by

its terms does not apply to psychiatrists but which provides insight into the legislative view of disclosure of confidential "medical" information which is presumably of a lesser degree of privileged status than information possessed by psychiatrists and hospitals treating mental illness.

The trial court erred in granting summary judgment to appellee Pogue, as issues of material fact remain.

*Judgment reversed. Beasley and Andrews, JJ., concur.*

DECIDED SEPTEMBER 11, 1992 —
RECONSIDERATION DENIED OCTOBER 6, 1992 — 

*Paul S. Weiner*, for appellant.

*Downey, Cleveland, Parker, Williams & Davis, Russell B. Davis, Houston D. Smith III*, for appellee.