**Susan Ann HULSEY, Plaintiff,**

v.

**STOTTS, BARCLAY, PETTUS, MOORE, WHIPPLE & DUGAN, INC., et al., Defendants.**

**No. 93–C–0631–E.**

United States District Court, N.D. Oklahoma.

May 31, 1994.

Robert LeRoy Briggs, Tulsa, OK, for plaintiff.

Bruce W. Robinett, Bartlesville, OK, and Richard A. Paschal, Tulsa, OK, for defendants.

### DISCOVERY ORDER

WOLFE, United States Magistrate Judge.

An expedited telephone conference was held May 11, 1994 for the purpose of determining whether to proceed with the deposition of Dr. Dohne, a psychotherapist. Three issues arose:

1. As joint counseling sessions with the psychotherapist were undertaken involving the Plaintiff and one of the Defendants, Mr. Barclay, can Plaintiff in effect waive Defendant Barclay's privilege (or is the presence of two patients in and of itself a waiver of both privileges as to either);

2. In light of the foregoing, can the psychotherapist be required to testify to what *he* said in the joint counseling

sessions, over the objection of one of the patients; and

3. If there is a "waiver" by the presence of the two patients in joint counseling, does this extend to sessions where the psychotherapist simply saw one of the patients alone? Does this extend to individual sessions during the time joint sessions were being had? To a time after joint sessions were terminated?

Counsel were directed to supply the court with supplemental case or statutory law. Having now received information from Defendants, the undersigned enters the following ruling.

The *psychotherapist-patient privilege* finds its genesis in 12 Okla.Stat. § 2503.[1] In-part, § 2503(A)(4) provides:

A communication is "confidential" if not intended to be disclosed to third persons, except persons present to further the interest of the patient in the consultation, examination or interview ... *or persons who are participating in the diagnosis and treatment under the direction of the ... psychotherapist ... (Emphasis added.)*

Section 2503(B) provides in-part:

A patient has a privilege to refuse to disclose *and to prevent any other person from disclosing confidential communications* made for the purpose of diagnosis or treatment ... among himself, his ... psychotherapist, and persons *participating in the diagnosis or treatment under the direction of the ... psychotherapist ... (Emphasis added.)*

Additionally, while not authoritative, the case *Mrozinski v. Pogue,* 205 Ga.App. 731, 423 S.E.2d 405 (1992) is persuasive in its analysis.

Here, Plaintiff and one of the Defendants, Mr. Barclay were, for a time, romantically

involved, though not married. Evidently, in an effort to resolve difficulties in their relationship they sought the assistance of Dr. Dohne, a clinical psychologist.[2] Dr. Dohne saw Susan Hulsey and Tom Barclay together and individually. Thus, both individual and joint counseling sessions were conducted.

Susan Hulsey now seeks to inquire of Dr. Dohne about joint counseling sessions between she, Dr. Dohne and Tom Barclay. In addition, she seeks to inquire of Dr. Dohne about *individual* counseling sessions between Dr. Dohne, arguing that her presence in joint sessions acted effectively to waive Mr. Barclay's privilege as to individual sessions.

*Mrozinski v. Pogue, supra* holds:

The psychiatrist-patient privilege is not diminished by the fact that the patient sought or contemplated treatment jointly with other persons, or primarily for the benefit of another person who is in treatment by the same psychiatrist. The object of the privilege is to encourage the full trust of the patient so as to persuade him to reveal his innermost feelings and private acts so that the psychiatrist may give the most effective treatment ... *The strongest public policy considerations militate against allowing a psychiatrist to encourage a person to participate in joint therapy, to obtain his trust and extract all his confidences and place him the most vulnerable position, and then abandon him on the trash heap of lost privilege. (Emphasis added.)*

Here, joint consultation and treatment was sought by Ms. Hulsey and Mr. Barclay. Under such circumstances no division may be made as to where one therapy ends and another's begins. To attempt such a division would be nothing more than an artificial legal construct with no basis in reality or fact—the worst of legal fictions. Joint therapy undertaken in an effort to resolve relational difficulties inextricably involves both parties in

---

1. The *Federal Rules of Evidence* provide that the district court must look to State law where State law supplies the "rule of decision". Here, the action raises both state and federal claims. For purposes of application of privilege, the undersigned finds that State law regarding the psychotherapist-patient privilege shall apply.

2. A "psychiatrist" holds a medical (M.D.) degree; while a licensed "clinical psychologist" generally holds a Ph.D. degree and is not otherwise a medical doctor. Others, with Master's degrees or Ed.D. degrees may also be licensed in Oklahoma to provide counseling services.

the therapeutic process. Disclosure by one necessarily implicates the innermost trust and confidences of the other, and indeed, both.

Applying Oklahoma statutory law yields a similar result. Each person in a "joint" psychotherapeutic session is, by the very nature of the sought-after therapy and the presenting issue (a relational difficulty between the two) "participating in the diagnosis or treatment under the direction of the ... psychotherapist" *(12 O.S. § 2503)*. Each person so participating is also a "patient". Thus, each has the right to "prevent any *other person* from disclosing confidential communications made for the purpose of diagnosis or treatment." Such "other person" includes the joint counselee.

Accordingly, the undersigned finds as follows:

1. Dr. Dohne may not be made to reveal confidential information subject of joint counseling sessions between he and Ms. Hulsey and Mr. Barclay *unless both* Ms. Hulsey *and* Mr. Barclay consent to such disclosure.

2. Dr. Dohne may not be made to reveal confidential information subject of individual counseling sessions with Mr. Barclay *unless* Mr. Barclay consents to such disclosure.

3. Dr. Dohne may be made to reveal confidential information subject of individual counseling sessions with Ms. Hulsey as she has placed her mental and emotional condition in issue in this litigation. Such disclosure is limited by the provisions set forth in paragraphs (1.) and (2.), above. Thus, Dr. Dohne may not reveal anything which was subject of a joint counseling session where such was also the subject of individual counsel with Ms. Hulsey absent Mr. Barclay's permission.

4. Any question regarding implementation of this ruling shall be addressed to the undersigned by expedited telephone conference.

SO ORDERED.