A98A0360. GAZELAH et al. v. ROME GENERAL PRACTICE, P. C.
(502 SE2d 251)

Judge Harold R. Banke.

Rome General Practice, P. C. ("Practice"), sued Shawn Gazelah, M.D., individually, and d/b/a MED FIRST, Darlene Bright and Glynda Nichols. The Practice, an established weight loss clinic, sued Bright and Nichols, two of its former management staff, for allegedly scheming to divert patients and assets from the Practice to Gazelah, who was starting up a rival weight loss business. The Practice sought injunctive relief and damages to prevent further transfer and diversion of its present and prospective patients.

During a hearing, a former receptionist admitted that she had participated in a scheme to provide the Practice's waiting list patients' names directly to Gazelah. She testified that she had diverted 40 or 50 prospective patients. Dr. Gazelah admitted that he knew that his staff was obtaining names from the Practice's waiting list. The trial court entered an interlocutory injunction restraining the appellants from using the Practice's customer lists and its scheduling calendars. The court also entered a protective order regarding information provided as a result of the litigation.

As discovery proceeded, both sides filed motions to compel. Following a hearing, the court entered an order requiring the appellants to "provide the information sought in numbered interrogatories 2, 3, 5 and 20," and amend answers to interrogatory 9, within 30 days. Similarly, the court instructed the Practice to supplement its responses. Although the Practice complied, the appellants failed to do so. Instead, four days past the court's deadline, they filed an appeal of the court's order which this Court dismissed as premature. After they persisted in their noncompliance, even after the dismissal of their appeal, the trial court granted the Practice's motion for con-

tempt. The court determined that the appellants were in wilful contempt and without substantial justification in failing to supplement their responses. It ordered the incarceration of Bright, Nichols, and Gazelah, until they purged themselves of the contempt by filing the requisite responses. Enumerating nine errors, they appeal. *Held*:

1. The appellants contend that the trial court improperly found them in contempt by failing to address their objections to the disclosure of information they claim is privileged, proprietary and irrelevant. At issue are interrogatory nos. 2, 5, and 9. Interrogatory no. 2 requests: "[p]lease state the name, address and telephone number as well as the amount of money paid to you by each patient from the date of the opening of the facility [June 3, 1996] to the present for any weight control or weight loss or any diet program." Interrogatory no. 5 seeks the appellants' prior addresses and interrogatory no. 9 requests information regarding past criminal convictions.

Pretermitting whether any of this information would ultimately be admissible at trial, we find that it is all subject to discovery under the circumstances shown here. See OCGA § 9-11-26. The gravamen of the underlying action is whether the appellants were diverting present and potential patients. Contrary to the appellants' assertion, the information sought was not privileged. *Gilmore v. State*, 175 Ga. App. 376, 377 (333 SE2d 210) (1985). The disclosure of the names and addresses of persons receiving treatment from a clinic is not subject to privilege and is discoverable. *National Stop Smoking Clinic-Atlanta v. Dean*, 190 Ga. App. 289, 290 (378 SE2d 901) (1989); OCGA § 9-11-26 (b) (1).

The appellants argue that because "customer lists" are trade secrets within the meaning of OCGA § 10-1-761 (4), they cannot be required to reveal this information. See *Avnet, Inc. v. Wyle Labs.*, 263 Ga. 615, 616-617 (1) (437 SE2d 302) (1993). But to determine their compliance with the court's order restraining them from using the Practice's customer list, and to determine their violation, if any, of the Georgia Trade Secrets Act, as well as damages resulting therefrom, this information is essential to the litigation. We cannot endorse the appellants' disingenuous attempt to conceal information properly subject to discovery by using the law they are accused of violating to insulate themselves from disclosing this information. Compare *Leo Publications v. Reid*, 265 Ga. 561, 562 (1) (458 SE2d 651) (1995).

2. The appellants contend that the trial court erred in citing them for contempt for a refusal to answer interrogatory no. 9 because they amended their responses to include a denial of any crime involving moral turpitude. Once a motion for sanctions is filed for failure to respond to interrogatories, sanctions may be entered under OCGA § 9-11-37 (d) (1), even where responses are subsequently filed.

*Kemira, Inc. v. Amory*, 210 Ga. App. 48, 50 (1) (435 SE2d 236) (1993). Inasmuch as their supplemented answer does not appear to fully satisfy the question posed, it cannot be said that the evidence did not support the court's finding. *In re Booker*, 195 Ga. App. 561, 564 (4) (394 SE2d 791) (1990).

3. Despite Bright and Nichols' claim to the contrary, the court ordered only Gazelah to supplement his response to interrogatory no. 5. This he failed to do.

4. In three enumerations of error, the appellants contend on general grounds that the order is flawed. Notwithstanding their assertions, this order is not contrary to the evidence or to the law or to the principles of justice.

A trial court's decision on a discovery matter will not be disturbed unless a clear abuse of discretion is shown. *Nixon v. Sandy Springs Fitness Center*, 167 Ga. App. 272 (1) (306 SE2d 362) (1983). The record shows that the appellants consistently failed to respond fully to several discovery requests, in particular, interrogatory no. 2 which sought to discover which patients and potential patients had been diverted from the Practice. In considering the entire protracted history of discovery and their continued defiance of an explicit order, the trial court was plainly authorized to find the appellants in contempt. *Vining v. Kimoto, USA*, 209 Ga. App. 296, 298 (3) (433 SE2d 342) (1993). See *Kemira*, 210 Ga. App. at 52 (1) (the finding of wilfulness and intentional failure to respond to discovery will be upheld where there is any evidence to support it). OCGA § 9-11-37 (b).

5. In light of the above holding, we need not reach the remaining enumerations of error.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED APRIL 7, 1998 —
RECONSIDERATION DENIED APRIL 23, 1998 — 

*Hatcher, Johnson & Meaney, Ross L. Hatcher III, James A. Meaney III*, for appellants.
*Joseph E. Willard, Jr.*, for appellee.