A02A1747. HICKEY v. KOSTAS CHIROPRACTIC CLINICS, P.A.
(576 SE2d 614)

MILLER, Judge.

Acting pro se, William Hickey appeals from the trial court's (1) grant of judgment in favor of Kostas Chiropractic Clinics, P.A., (2) dismissal of his counterclaim, and (3) denial of his "Motion to Change Judges." Hickey enumerates 11 errors on appeal, most without citation to authority or argument. We affirm in part and reverse in part.

Hickey suffered an injury to his neck after his vehicle was rear-ended while stopped at a traffic light. He received treatment at the Kostas Chiropractic Clinics. Kostas subsequently filed a complaint on account against Hickey for the nonpayment of chiropractic services. Hickey answered and counterclaimed. Kostas filed a motion to

strike Hickey's answer and for judgment in its favor due to Hickey's failure to comply with the verification requirement of OCGA § 9-10-112, which motion the trial court granted (leaving Hickey's counterclaim intact). Kostas subsequently filed a motion to dismiss Hickey's counterclaim for failure to state a claim. The trial court granted Kostas's motion. Hickey now appeals from that order.

In considering Hickey's enumerations of error, we are guided by the general rule that "pro se pleadings are held to less stringent standards than pleadings that are drafted by lawyers." (Citation and punctuation omitted.) *Cotton v. Bank South*, 212 Ga. App. 1, 3 (1) (440 SE2d 704) (1994). Therefore, although portions of Hickey's brief do not comply strictly with our rules, we will nevertheless attempt to address the merits of each enumeration where possible.

1. In three enumerations, Hickey argues that the court erred in striking his answer and in granting Kostas a default judgment. This argument fails, however, as Hickey failed to verify his answer as required by OCGA § 9-10-112 (when a verified action is brought on an open account, the answer shall be verified). See *Harper v. Carroll Tire Co.*, 237 Ga. App. 767, 768 (516 SE2d 811) (1999) ("Where a suit is brought on a verified open account and the defendant's plea does not comply with OCGA § 9-10-112's pleading requirements, the plea is properly struck.") (citation omitted).

2. In his eleventh enumeration of error, Hickey complains that the judge was biased against him and that the court should have granted his motion to have the judge recused. Beyond the procedural deficiencies with Hickey's motion (see Uniform Superior Court Rule 25.1), the enumeration fails on the merits. "The alleged bias of the judge must be of such a nature and intensity to prevent the defendant from obtaining a trial uninfluenced by the court's prejudgment." (Citation omitted.) *Butler v. Biven Software*, 238 Ga. App. 525, 526 (1) (522 SE2d 1) (1999). "[M]ere dissatisfaction with the court's rulings is not a legally sufficient ground for recusal." (Citation and punctuation omitted.) Id. Hickey points specifically to a statement he claims the court made at a hearing. However, as there is no transcript of such colloquy and there is no evidence of any alleged bias by the court, this enumeration must fail. See *Fowler v. Catoosa County*, 246 Ga. App. 740 (1) (541 SE2d 127) (2000).

3. In two enumerations, Hickey complains that the court erred in failing to compel Kostas to respond to certain interrogatories. The standard of review of the trial court's ruling on discovery disputes is abuse of discretion. *Smith v. U-Haul Co. Ga.*, 225 Ga. App. 356, 357 (1) (484 SE2d 49) (1997).

(a) Hickey argues that the court erred in failing to compel Kostas to answer his initial interrogatories. Kostas answered three of Hickey's four initial interrogatories. However, the unanswered inter-

rogatory asked, "Where are the records which are required to be kept by the United States Internal Revenue Service located[?]" Kostas objected and responded that it was unclear to which records Hickey was referring. As the interrogatory is vague in that it does not adequately explain what information is being sought, we hold that the court did not abuse its discretion in denying Hickey's motion to compel on this ground.

(b) Hickey also argues that the court erred in failing to compel Kostas to provide him a list of potential witnesses as requested in later interrogatories. Hickey specifically requested that Kostas provide "the name and address of all people who have come to [Kostas] as a result of having a whip lash injury to the neck within the last two years." Kostas refused to provide such information on the ground that it was privileged. Kostas's refusal was without merit. This Court has previously held that "[t]he disclosure of the names and addresses of persons receiving treatment from a clinic is not subject to privilege and is discoverable." (Citations omitted.) *Gazelah v. Rome Gen. Practice*, 232 Ga. App. 343, 344 (1) (502 SE2d 251) (1998). Therefore, as such information is clearly discoverable, the trial court abused its discretion in denying Hickey's motion to compel on this ground. See *Nat. Stop Smoking Clinic-Atlanta v. Dean*, 190 Ga. App. 289, 290 (378 SE2d 901) (1989). Since Hickey's counterclaim survives, we reverse and remand to allow the court to address Kostas's discovery violation.

4. In his sixth and seventh enumerations, Hickey argues that the court erred in dismissing his counterclaim. A trial court's grant of a motion to dismiss is proper when assuming the allegations in the complaint are true, the plaintiff would not be entitled to any relief under the facts as stated and the defendant demonstrates that the plaintiff could not introduce evidence that would justify granting the relief sought. *Moore v. BellSouth Mobility*, 243 Ga. App. 674, 675 (534 SE2d 133) (2000). Hickey's counterclaim alleged that Kostas committed fraud by inducing him to come to the clinic on several occasions for unnecessary manipulations that Kostas knew were not intended nor designed to treat Hickey's injuries, and for manipulations that Kostas never performed. Hickey further alleged that Kostas falsely told him that the insurance company of the person who rear-ended him was paying for the treatments. Hickey claimed he suffered lost time and mileage traveling to and from the clinic for the fraudulent chiropractic treatments.

"Fraud has five essential elements: (1) a false representation or omission of material fact; (2) scienter; (3) an intent to induce the party alleging fraud to act or refrain from acting; (4) justifiable reliance; and (5) damages." (Footnote omitted.) *Paul v. Destito*, 250 Ga. App. 631, 635 (1) (550 SE2d 739) (2001); see OCGA § 51-6-2. Hickey's

counterclaim has alleged the elements of fraud, and Hickey would be entitled to relief if he is able to prove what he has alleged. See *Hardy v. Gordon*, 146 Ga. App. 656, 657 (247 SE2d 166) (1978). Thus, the court erred in granting Kostas's motion to dismiss Hickey's counterclaim.

*Judgment affirmed in part and reversed in part and case remanded. Johnson, P. J., and Blackburn, P. J., concur.*

DECIDED JANUARY 15, 2003.

William P. Hickey, *pro se*.
*Richard M. Howe*, for appellee.